■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ORTIZ, Appellant.—Judgment, Supreme Court, New York County (Richard Failla, J.), rendered May 31, 1988, convicting defendant, after jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him to an indeterminate term of imprisonment as a predicate felon of 4½ to 9 years, unanimously affirmed.

On June 10, 1987, immediately after undercover police officer Burnham had purchased narcotics from a seller unrelated to defendant, the defendant approached the officer and offered to sell him heroin. Defendant was then arrested, and found in possession of $88 in cash and eight glassine envelopes of heroin. At trial, defendant conceded his possession of the heroin, but denied having offered to sell it to the undercover officer, contending instead that he was an addict and that the heroin was for his personal use.

The jury acquitted defendant of criminal sale of a controlled substance in the third degree, but convicted him of criminal possession of a controlled substance in the third degree. Defendant now argues that because the jury evidently rejected the People's evidence that he solicited the undercover officer, the remaining evidence was insufficient to convict him of posses-

sion in the third degree. Defendant characterizes his argument as directed at the sufficiency of the evidence, and denies that his present contentions constitute a repugnancy claim. Certainly the verdict was not repugnant, since the acquittal on the sale charge did not negate an essential element of the possession charge. *(People v Tucker,* 55 NY2d 1, 6.) Defendant's argument is no more persuasive because he speaks in terms of the "law of the case," rather than "repugnance." The evidence was legally sufficient, and there is no basis for this court to delve into the thought processes of the jury in reviewing the sufficiency of the evidence. Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Asch, JJ.