■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANIBAL GUZMAN, Appellant.—Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered November 9, 1988, convicting defendant after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a predicate felon, to concurrent indeterminate terms of 6 to 12 years, unanimously affirmed.

On February 22, 1988, the defendant was observed exchanging glassine envelopes for money prior to selling an undercover officer two glassines of heroin in exchange for pre-re-

corded money. At trial, evidence of the uncharged crimes, as well as of the glassine envelopes of heroin and money in the defendant's possession, was accepted as probative of the defendant's intent to sell. The Court gave limiting instructions to the jury as to use of the uncharged crime testimony. Defendant, on appeal, claims the acceptance of the uncharged crime testimony was sufficiently prejudicial so as to reach the level of reversible error. We do not agree.

The trial court did not abuse its discretion in allowing evidence of uncharged crimes, as the evidence tended to establish a necessary element of the crime charged, *i.e.,* the intent to sell with respect to the possession charge, the defendant having placed his intent specifically in issue. *(People v Alvino,* 71 NY2d 233; *People v Diaz,* 170 AD2d 395.) Prejudice was avoided by the jury instructions. *(People v Marin,* 157 AD2d 521, *lv denied* 75 NY2d 968.) Concur—Sullivan, J. P., Carro, Rosenberger, Ross and Smith, JJ.