■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL GRANT, Appellant.—Judgment, Supreme Court, Bronx County (Phylis S. Bamberger, J.), rendered December 15, 1988, convicting defendant, after jury trial, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of imprisonment of 7 to 14 years and 3 to 6 years, respectively, unanimously affirmed.

Evidence at trial was that defendant was observed by narcotics officers over a half hour period as he engaged in four separate hand-to-hand transactions on a Bronx street corner. Although defendant initially evaded apprehension by running away, a stash of drugs, including 128 vials of crack cocaine and 16 bags of marijuana, was recovered from the front passenger seat of an unlocked automobile parked near defendant's station of operation. The officers had observed defendant's entry and exit of that automobile prior to each hand-to-hand transaction. The officers also recovered, from the automobile's unlocked glove compartment, a bank book containing defendant's name and defendant's driver's license, as well as the automobile's registration certificate indicating that the car was not registered in defendant's name.

The trial court properly allowed the highly probative police testimony regarding defendant's activities during the half hour observation period, as material evidence, outweighing any prejudicial effect to defendant, of intent with respect to the crimes charged (see, e.g., People v Vails, 43 NY2d 364), as well as to complete a coherent narrative of the incident and avoid speculation as to the subsequent actions of the police leading to defendant's arrest (see, People v Conyers, 160 AD2d 318, lv denied 76 NY2d 786).

The trial court also properly denied defendant's motion for a hearing to suppress the physical evidence recovered from the automobile on the ground that defendant's motion papers failed to show requisite standing to controvert the search. Defendant's mere assertions of free entry into that unlocked automobile and storage of his personal property therein did not constitute sufficient sworn factual allegations to support a claim of legitimate possessory and privacy interest therein (see, People v Wesley, 73 NY2d 351).

We perceive no abuse of discretion in sentencing (People v Farrar, 52 NY2d 302). Concur—Milonas, J. P., Rosenberger, Kupferman, Ross and Smith, JJ.