■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BATTES, Appellant.—Judgment, Supreme Court, Bronx County (Ira Globerman, J.), rendered September 6, 1990, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and fifth degree, and sentencing him, as a second felony offender, to concurrent terms of 7½ to 15 years and 3½ to 7 years, respectively, unanimously affirmed.

Defendant was first observed distributing vials of crack to purchasers after they gave their money to codefendant, and then receiving the money directly. After the court's *Sandoval* ruling permitting prior convictions to be used in cross examining the defendant, and without obtaining a further advance ruling from the court, the prosecutor informed the jury in her opening statement that she intended to elicit testimony from the arresting officer as to drug sales by defendant near the

time of the crime charged. A motion defendant then made for a mistrial was denied, and the evidence ruled admissible. At trial, the testimony was elicited with limiting instructions issued by the court. While the proper practice is for the prosecutor to obtain an advance ruling to determine the admissibility of the evidence *(People v Ventimiglia,* 52 NY2d 350), the error was harmless since the evidence was in the circumstances properly admitted. Evidence of narcotics sales prior to a defendant's arrest for criminal possession of a controlled substance in the third degree is admissible if offered to establish the element of intent to sell *(People v Grant,* 181 AD2d 579; Penal Law § 220.16 [1]), and any potential prejudice was avoided by the court's charge *(People v Guzman,* 173 AD2d 365, *lv denied* 78 NY2d 966). It should also be noted that defense counsel's claim that he did not receive notice of the sales prior to the People's opening statement is contradicted by the trial court's notes.

Defendant's claim that the *Allen* charge was coercive and unbalanced is unpreserved for appellate review, defense counsel not having objected to the instruction until sentencing *(People v Jones,* 188 AD2d 331, 335). In any event, the court properly reminded the jury to keep an open mind, and correctly instructed that "the verdict must be [one] of each individual juror and not a mere acquiescence in the conclusion of the other jurors." *(See, People v Ali,* 65 AD2d 513, 514, *affd* 47 NY2d 920.) Furthermore, the court's suggestion that the jury rehear the testimony of one of the prosecution's police witnesses was merely an effort to encourage the jurors to reach a verdict *(see, People v Ford,* 78 NY2d 878, 880). The court did not express an opinion with respect to the officer's testimony, and also suggested that the testimony of both witnesses be reviewed.

We have reviewed defendant's remaining claims and find them to without merit. Concur—Murphy, P. J., Carro, Rosenberger and Asch, JJ.