■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALPHONSE BRADLEY, Appellant. [597 NYS2d 50] —Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered September 12, 1991, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fifth degree, and, upon his plea of guilty, of criminal sale of a controlled substance in the fifth degree, and sentencing him as a second felony offender, to two concurrent terms of 3½ to 7 years, unanimously affirmed.

The People's evidence clearly established that defendant had been orchestrating a drug selling operation. Police observers saw defendant line up prospective drug buyers, take money from them, and signal his accomplice, who would

dispense envelopes of PCP. When police approached, defendant attempted to flee, discarding currency down a sewer as he ran.

Although defendant never personally possessed the contraband, the evidence clearly established that he acted in concert with his accomplice to possess the PCP with intent to sell. Although defendant was acquitted of a sale count, the resulting verdict was not inherently inconsistent when viewed in light of the elements of each offense *(People v Goodfriend,* 64 NY2d 695, 697) and the trial evidence *(People v Tucker,* 55 NY2d 1, 7; *People v Ortiz,* 170 AD2d 396, *lv denied* 77 NY2d 998).

Since the defendant exercised authority over his accomplice's dispensing of the contraband, defendant's own lack of physical possession does not render the evidence legally insufficient *(People v Manini,* 79 NY2d 561). We have considered defendant's remaining challenges to legal sufficiency and find them to be meritless.

Evidence of the uncharged sales was properly admitted to establish, *inter alia,* that he acted in concert *(see, People v Carter,* 77 NY2d 95, 107) and that he possessed the contraband with intent to sell *(People v Grant,* 181 AD2d 579). The probative value of this evidence outweighed the potential for undue prejudice.

Defendant's failure to request in a timely manner appropriate sanctions other than preclusion of testimony, arising out of the People's inadvertent destruction of certain physical evidence, renders the claim unpreserved for review as a matter of law (CPL 470.05 [2]) and we decline to review in the interest of justice.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Ellerin and Kupferman, JJ.