■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK A. WILCOX, Appellant. [599 NYS2d 131] —Mikoll, J. P. Appeal from a judgment of the County Court of Chenango County (Dowd, J.), rendered December 14, 1990, upon a verdict convicting defendant of the crime of manslaughter in the first degree.

Defendant was charged in a four-count indictment with murder in the second degree, manslaughter in the first degree, manslaughter in the second degree and criminally negligent homicide. After trial, the jury rendered a verdict convicting him of manslaughter in the first degree and acquitting him of the other charges. County Court imposed a prison sentence of 8⅓ to 25 years. This appeal by defendant ensued.

Defendant's first argument for reversal is that County Court erroneously admitted evidence of his uncharged prior bad acts, consisting of injuries allegedly inflicted upon the 12-week-old infant victim by defendant approximately 10 days to three weeks prior to the occurrence of the incident alleged in

the indictment. We find this contention to be without merit. The People properly contend that such evidence was admissible to rebut the defense of mistake or accident *(see, People v Hudy,* 73 NY2d 40, 55; *People v Alvino,* 71 NY2d 233, 241; *People v Molineux,* 168 NY 264). Defendant had initially claimed that he was bathing his 12-week-old son in the kitchen sink of his mobile home when the baby fell and hit his head on the sink while momentarily unattended. In response to police questions, however, defendant indicated that he struck the baby on the head and threw him into a chair because the baby would not stop crying.

Evidence of defendant's prior uncharged act or acts causing injury to the victim was admissible to demonstrate that the injuries resulting from the charged incident were not accidentally sustained *(see, People v Henson,* 33 NY2d 63, 71-73; *People v Kloster,* 167 AD2d 896, *lv denied* 77 NY2d 908). The evidence of the prior injuries was relevant to the issues and its probative value outweighed the potential for unfair prejudice *(see, People v Hudy, supra; People v Engler,* 150 AD2d 827, *lv denied* 75 NY2d 770). The lack of a clear link between the injuries to the child abuse victim here and defendant did not render such evidence inadmissible *(see, People v Henson, supra,* at 72-73; *People v Sims,* 110 AD2d 214, 221, *lv denied* 67 NY2d 657).

Although the People did not seek a pretrial ruling on the admissibility of the prior injury evidence *(see, People v Ventimiglia,* 52 NY2d 350, 361-363), the failure to do so was not fatal. The record indicates that defendant was aware prior to trial of the People's intention to use the evidence and was not improperly surprised at trial *(see, People v Battes,* 190 AD2d 625). It is significant that here the prior injury evidence was admissible and the arguments of unfair prejudice are greatly diminished.

Defendant's other argument for reversal is meritorious. Defendant contends that County Court improperly denied his request to charge the jury that it could consider evidence of defendant's diminished mental capacity in determining whether defendant had the ability to form the requisite *mens rea.* Defendant's expert psychiatrist testified that defendant was mildly mentally retarded, with an IQ of approximately 69 and an intellectual age of approximately 10 years. The psychiatrist also opined that defendant could not perceive any danger to the baby if he threw the child on a chair. The People elicited from the expert on cross-examination that defendant had the ability to make moral judgments and to

know "what was wrong and what was not wrong". We are compelled to conclude that the evidence was sufficient to require the instruction requested *(see,* Penal Law § 125.20 [1]; *see also, People v Ferguson,* 191 AD2d 809, 811; *cf., People v Westergard,* 69 NY2d 642, 644-645). The People here were required to establish defendant's capacity to form the requisite mental state *(see, People v Segal,* 54 NY2d 58, 66; *People v Matthews,* 148 AD2d 272, 278, *lv dismissed* 74 NY2d 950; *People v Morales,* 125 AD2d 605, *lv denied* 70 NY2d 651); consequently, County Court should have charged the jury with the legal principles pertinent to that issue *(see,* CPL 300.10 [2]; *People v Lewis,* 64 NY2d 1031). Contrary to the People's position, County Court did not adequately address this issue elsewhere in its charge and a new trial is therefore required *(see, People v Ferguson, supra,* at 811).

Yesawich Jr., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Chenango County for a new trial.