■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMEN HERNANDEZ, Appellant. [648 NYS2d 554] —Judgment, Supreme Court, New York County (Murray Mogel, J.), rendered February 10, 1994, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing her, as a second felony offender, to a term of $4^1/2$ to 9 years, unanimously affirmed.

The testimony of the arresting officer that he found six glassines containing heroin and $40 in cash in defendant's possession after he observed defendant, standing on the sidewalk, engage in a hand-to-hand exchange with another of glassines for money, was legally sufficient to support the finding of guilt of criminal possession of a controlled substance in the third degree. The verdict was not against the weight of the evidence. The alternative explanation proffered for the exchange, that defendant had purchased drugs from the unidentified man, is refuted by the arresting officer's unequivocal testimony that defendant handed glassines to the man in exchange for currency and that defendant did not receive any glassines. Evidence of the exchange was clearly relevant to establish defendant's intent to sell the heroin found on her person (*People v Alvino*, 71 NY2d 233, 242, 245; *People v Battes*, 190 AD2d 625, *lv denied* 81 NY2d 1011).

Defendant's general, unelaborated "objection" to the

prosecutor's remarks on summation was not adequate to preserve the arguments now made (*People v Nuccie*, 57 NY2d 818). In any event, these arguments lack merit. Concur—Rosenberger, J. P., Kupferman, Nardelli, Tom and Mazzarelli, JJ.