■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST W. MATTISON, Appellant. — Appeal from a judgment of the Supreme Court at Trial Term (Ellison, J.), rendered June 10, 1982 in Chemung County, upon a verdict convicting defendant of the crimes of rape in the first degree, aggravated sexual abuse and burglary in the first degree. Defendant was indicted for rape in the first degree, aggravated sexual abuse and burglary in the first degree. These charges stem from an incident which, presenting the facts most favorable to the People in the light of the conviction (see *People v Kennedy,* 47 NY2d 196, 203), occurred in the early morning hours of Sunday, September 20, 1981. Defendant, Walter Case and Randy Critzer came to the complainant's home after she had returned home from the Eleventh Ward Hotel, a bar in Elmira, where she had danced several times with Critzer. After forcing their way past her at the door to her home and upstairs into her bedroom, Critzer and Case performed intercourse with the complainant against her will and

defendant repeatedly inserted a Pepsi bottle into her vagina and attempted to have intercourse with her. After the assailants left, the complainant removed the bedsheets and her clothes and discarded them along with the Pepsi bottle. Although she was visited by her sister and others and attended and danced at a party at the bar on Sunday afternoon, no one noticed anything wrong with her and she told no one about the attack until about 24 hours later when her boyfriend noticed her sleeping fitfully and urged her to tell him the story, which she did. Thereafter, the complainant and her boyfriend devised a plan for revenge and, on the following Friday, she enticed defendant and Critzer to her home where her boyfriend met them, questioned them about the incident and punched Critzer, while the complainant threw a bottle at defendant. Defendant and Critzer left and reported the attack on them to the police, who responded to the complainant's home, whereupon she informed the police about the rape. Critzer was tried separately and defendant and Case were tried jointly after consolidation of their indictments. Defendant presented an alibi witness in defense. Defendant and Case were found guilty as charged and defendant was sentenced to serve three concurrent terms of incarceration of 3 to 9 years. Defendant appeals from his convictions. Initially, we note that the verdict is supported by the evidence. The complainant's testimony clearly implicated defendant and, because her testimony need not be corroborated (see Penal Law, § 130.16), it was within the jury's province to use her testimony as a basis for defendant's conviction. In fact, Critzer did finally admit defendant's presence, thereby corroborating at least some of the complainant's testimony. The acts of the complainant described by defendant as being inconsistent following a rape, such as her failure to tell her sister or the police about the rape and working and dancing at the bar on Sunday afternoon, were explained by the complainant. Also, the complainant testified that the insertion of the Pepsi bottle into her vagina caused her "quite a bit of pain" and that she still felt pain on the following Friday. Because these events are sufficiently more serious than " 'petty slaps, shoves, kicks and the like' " (Matter of Philip A., 49 NY2d 198, 200), the jury was properly presented with whether she had suffered "substantial pain" as required to satisfy the physical injury element of aggravated sexual abuse (Penal Law, § 130.70, subd 1, par [a]) and burglary in the first degree (Penal Law, § 140.30, subd 2; see Penal Law, § 10.00, subd 9; People v Chesebro, 94 AD2d 897, 897-898). Defendant also argues that the trial court erred in its Sandoval ruling that, should he take the stand, he could be cross-examined about a misdemeanor assault charge which was brought after the incident herein and was then pending. We disagree. Although a defendant may not be asked if he has been indicted (see People v Rahming, 26 NY2d 411, 419; Richardson, Evidence [10th ed], § 506, pp 496-497) and some courts have held that a defendant may not be cross-examined about the facts underlying a pending indictment (see People v Hepburn, 52 AD2d 958, 959; see, also, People v Pilgrim, 69 AD2d 825; People v Mohammed, 63 AD2d 655), it more recently has been recognized that a pending indictment should not prevent cross-examination of a defendant about the acts underlying that indictment (see People v Edwards, 80 AD2d 993, 994; see, also, People v Rahming, supra). Moreover, inquiry into the facts surrounding an assault which apparently involved the family of defendant's girlfriend would be probative of defendant's trustworthiness and veracity as a witness and would not be so similar to the facts underlying the instant charges that prejudice would result. Accordingly, the trial court did not abuse its discretion in its Sandoval ruling on the pending assault charge. Defendant further contends that the prosecutor's impeachment of his own witness, Critzer, was improper under CPL 60.35 and People v Fitzpatrick (40 NY2d 44) because Critzer's answers did not "tend to disprove the position of the [People]" (CPL 60.35, subd 3), but merely indicated

that Critzer lacked recollection. A review of the record, however, discloses that, although Critzer eventually changed certain responses, he clearly replied in the negative, contrary to his earlier statement and testimony, when asked whether defendant used a Pepsi bottle on the victim, whether defendant and Case attempted to have intercourse with the victim, and whether he attempted to have sex with the victim while defendant and Case held her. Such responses certainly tended to disprove the position of the People, thereby permitting the reading of the earlier statement and testimony (see CPL 60.35; *People v Fitzpatrick, supra*). Furthermore, although the prosecutor's method of questioning the witness did not comport precisely with that described in *People v Welch* (16 AD2d 554, 558-559), the witness herein, unlike the witness in *Welch,* was asked substantive questions before and during his impeachment. Moreover, the court's extensive limiting instructions during and after the questioning of Critzer and again during the jury charge ensured that the questioning was considered solely for impeachment purposes. Accordingly, the prosecutor's questioning of Critzer was sufficiently within the guidelines of CPL 60.35 and *People v Fitzpatrick (supra)* and did not constitute reversible error. Defendant's other arguments are also without merit. The trial court did not abuse its discretion in holding a consolidated trial because the record does not clearly demonstrate that codefendant Case had made or would make a statement that would have exculpated defendant and separate trials would have resulted in a duplication of effort (see *People v Bornholdt,* 33 NY2d 75, 87, cert den *sub nom. Victory v New York,* 416 US 905; *People v Close,* 90 AD2d 562, 565). Defendant's objection to the introduction of the alibi witness' prior inconsistent statement preserved this alleged error for our review even though no objection was made when the exhibits were sent to the jury (see CPL 470.05, subd 2). In light of the court's extensive instructions on the limited use of such statements, however, no error was made in admitting and sending that statement to the jury. The complainant's testimony was not improperly bolstered by the prosecutor's asking her about her testimony at earlier proceedings because the complainant was not asked what her testimony was at the earlier proceedings, but only whether she had testified previously, a matter which had already been alluded to during earlier questioning by defense counsel. The brief and inadvertent viewing of defendant in shackles by two jurors was insufficient to deprive defendant of a fair trial, especially because defense counsel failed to request that the jurors be questioned to determine the effect of the encounters or that curative instructions be given (see *People v Harper,* 47 NY2d 857, 858). The challenge to the constitutionality of CPL 270.25 (subd 3) is without merit (see *Sitarski v State of New York,* 358 F Supp 817, 819; see, also, *People v Doran,* 246 NY 409, 425-427). Finally, the sentence imposed, which was substantially less than the maximum, was not the result of an abuse of discretion and need not be modified. Judgment affirmed. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.