■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO DUENAS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the court's refusal to provide simultaneous translation from English to Spanish during pretrial proceedings violated his rights to effective assistance of counsel and confrontation of witnesses under the US and NY Constitutions.

Aware that the defendant did not understand English, the court appointed an official interpreter at arraignment. An official interpreter was present at all pretrial proceedings. No objection was raised as to the manner or extent of translation until the second day of a suppression hearing. Indeed, the court adopted the suggestion of defendant's counsel regarding translation of testimony given on the first day of the suppression hearing. Hence, the only issue preserved for our review

concerns the adequacy of interpretation on the second day of the suppression hearing.

A defendant has the constitutional right to be present at a pretrial suppression hearing *(People v Anderson,* 16 NY2d 282). For this right to be meaningful, a defendant who cannot understand English has the right to have the testimony given at the hearing interpreted to him in a manner that enables him to effectively communicate with his attorney and assist in his own defense *(see, People v Ramos,* 26 NY2d 272, 274; *People v De Armas,* 106 AD2d 659, 660).

We conclude that adequate interpretation was provided at the suppression hearing in this case. At the start of the second day of the hearing, the court advised that the official interpreter would not provide simultaneous translation of English testimony but would translate any testimony offered by defendants. However, the court did permit a second interpreter employed by defendant (and his codefendants) to sit at the counsel table and communicate between counsel and their clients during the hearing and while English-speaking witnesses were testifying. The record indicates that the interpreter communicated frequently at the counsel table. No claim is advanced that, as a matter of fact, this second interpreter was unable to, or did not, translate the testimony of the English-speaking witnesses when requested to do so by counsel. Absent such a claim or demonstration, we cannot say that defendant has been denied his right to due process or effective assistance of counsel. (Appeal from judgment of Orleans County Court, Miles, J.—attempted kidnapping, second degree.) Present—Denman, J. P., Green, Pine, Balio and Schnepp, JJ.