(December 31, 1986)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARVIN DAWSON, Appellant.—Casey, J. Appeal from a judgment of the County Court of Clinton County (Goldman, J.), rendered April 30, 1984, upon a verdict convicting defendant of the crime of murder in the second degree.

Defendant, an inmate at Clinton Correctional Facility, was convicted as the result of killing a fellow inmate on May 12, 1983 at approximately 2:55 P.M. The cause of the victim's death was an internal hemorrhage resulting from a stab wound in his jugular vein inflicted by a 10- to 11-inch homemade knife, called a shank. The proof of defendant's perpetration of the crime is overwhelming, as revealed by the trial testimony. Following conviction, defendant was sentenced as a second felony offender to 25 years to life imprisonment, to be served consecutively with the 25 years to life term that defendant was then serving as the result of his prior conviction of a similar crime of murder in the second degree.

Defendant urges several grounds for reversal, but the only one requiring extended analysis concerns the claim that County Court erred in failing to instruct the jury in regard to defendant's appearance in restraints. Defendant's claim focuses on the court's order, made in chambers before the beginning of the third day of trial, which directed that defendant remain handcuffed while in the courtroom because defendant had taken one of the People's exhibits back to prison with him the previous evening. Exception was taken by defendant; his motion for a mistrial was denied, but his request that he be absent from the courtroom was granted. After a lengthy discussion in chambers the next day, at the close of which defendant again objected to the handcuffing order, the trial resumed with the swearing of a witness for the defense. Immediately thereafter, defendant requested that he be absent from the courtroom and his request was granted. It is not clear from the record whether the jury actually observed defendant in handcuffs during this brief appearance. Before

the trial resumed the next day (the fifth day of trial), County Court relieved defendant of the handcuffing order, conditioned upon defendant's proper behavior, and defendant was present in the courtroom, without handcuffs, for the remaining two days of trial. Defendant neither requested that the jury be instructed to disregard the shackles in its deliberation nor objected to the absence of such an instruction from the charge given by the court.

In view of defendant's failure to preserve a question of law for appellate review by timely protest *(see,* CPL 470.05 [2]; *People v Gonzalez,* 68 NY2d 424), we must determine whether the claimed defect deprived defendant of a fair trial, justifying the exercise of our discretionary power to reverse in the interest of justice *(see,* CPL 470.15 [6] [a]). Our prior holdings establish that a defendant may not be shackled in the presence of the jury unless a justifiable basis is articulated on the record, and then the trial court must instruct the jury that the shackling should be disregarded in its deliberations *(see, e.g., People v Neu,* 124 AD2d 885; *People v Mixon,* 120 AD2d 861, 862; *People v Gonzalez,* 115 AD2d 899, 901, *appeal dismissed* 68 NY2d 424). Failure to comply with these requirements has been found to affect a defendant's right to a fair trial *(see, People v Hart,* 112 AD2d 471, 472) and, therefore, we have reversed convictions due to the trial court's failure to give the necessary curative instructions, despite the absence of an appropriate request or objection by defendant *(see, People v Neu, supra; People v Mixon, supra).*

In each of the cases cited above, the defendant appeared in restraints throughout the entire trial. In contrast, we have held that "[t]he brief and inadvertent viewing of defendant in shackles by two jurors was insufficient to deprive defendant of a fair trial, especially because defense counsel failed to request that the jurors be questioned to determine the effect of the encounters or that curative instructions be given" *(People v Mattison,* 97 AD2d 621, 623; *see also, People v Harper,* 47 NY2d 857; *People v Vivenzio,* 103 AD2d 1044). The instant case is, in our view, more akin to the *Mattison* case than to the cases where the defendant has appeared in restraints throughout the trial. Here, if the jury viewed defendant in handcuffs at all, it was only for a brief period of time at the beginning of the fourth day of trial. We conclude, therefore, that the error did not deprive defendant of a fair trial. Thus, while prompt curative instructions from County Court would have been appropriate *(see, People v Volpe,* 116 AD2d 609, 610), the error is not such that we should exercise our discre-

tion to reverse in the interest of justice, particularly in view of the overwhelming proof of defendant's guilt, which included the testimony of eyewitnesses to the stabbing.

We find no merit in the remainder of defendant's arguments and, therefore, affirm the conviction.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.