■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD RESCIGNO, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Columbia County (Zittell, J.), rendered December 12, 1986, upon a verdict convicting defendant of the crimes of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree, kidnapping in the first degree, unlawful imprisonment in the first degree, criminal possession of a weapon in the fourth degree and menacing (two counts).

Shortly after midnight on November 21, 1985, defendant abducted a young woman at gunpoint as she was walking home from her place of employment in Queens County. After forcing his victim into his automobile, defendant drove her to a house owned by defendant's mother-in-law in the Town of Copake, Columbia County. Once there, defendant tied the woman up and proceeded over a course of several hours to rape, sodomize and brutalize his victim. Defendant released the young woman the next day and he was arrested soon thereafter. A multicount indictment was handed down and defendant proceeded to trial pleading insanity as a defense. Defendant was ultimately found guilty of all counts of the indictment submitted to the jury and given the maximum prison sentence for each count, all to be served concurrently. This appeal followed.

Initially, we reject defendant's contention that he was deprived of a fair trial because of an allegedly inadvertent

viewing of defendant in handcuffs by six jurors when defendant was outside the courtroom during trial. We note that it is not clear from the record whether these jurors actually observed defendant in handcuffs during this brief period (see, People v Dawson, 125 AD2d 860, lv denied 69 NY2d 879). However, even if this concededly brief and inadvertent viewing occurred, defense counsel declined an express invitation from County Court to hold a hearing to question the jurors to determine the effect of that view; nor did he request that curative instructions be given to the jury or that alternate jurors be substituted (see, People v Mattison, 97 AD2d 621, 623; see also, People v Harper, 47 NY2d 857, 858). Under these circumstances, we find that defendant was not deprived of a fair trial and decline to invoke our power to reverse in the interest of justice (CPL 470.15 [6]). Despite defendant's suggestion otherwise, we find no basis for altering our conclusion in this case due to the fact that defendant invoked the insanity defense at trial.

Finally, defendant contends that he was deprived of a fair trial by County Court's decision to wait until the jury charge to comply with defendant's request to instruct the jurors that no adverse inference should be drawn because of defendant's failure to take the stand (see, CPL 300.10 [2]), rather than doing so at the close of defendant's direct case, as requested by defense counsel. County Court reasoned that to give the requested instruction at the close of defendant's evidence would, in this case, draw unnecessary attention to defendant's failure to testify. In our view, the court's decision to wait until after summations to deliver the instruction was not erroneous. While denial of the request to give the instruction altogether would have been reversible error (see, People v Britt, 43 NY2d 111), here County Court acceded to the request but opined that giving the instruction at a later time would better suit defendant's interests, particularly since there was a chance that defendant might change his mind about not testifying after the People called its rebuttal witnesses. Notably, CPL 300.10 (2) does not state a specific time during trial for the "no inference" charge to be given, and we find no prejudice to defendant in this instance by County Court's decision.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.