*People v South (supra)* is, in my view, particularly inappropriate.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MALINOWSKI, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered June 7, 1984, convicting him of robbery in the first degree, robbery in the second degree, grand larceny in the second degree, and criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that because there was a possibility that during an emergency evacuation of the courthouse the jury might have seen him in handcuffs, the court erred in denying his request for a mistrial or alternatively for a voir dire of the jury concerning this event. The defendant adduced no evidence to show that members of the jury did see him, but instead relied upon the statement of his trial counsel, who claimed that during the evacuation he saw the defendant through a courthouse window. Our review of the record indicates that the defendant's allegations regarding his viewing by the jury are unsubstantiated, and therefore we find that there was no improvident exercise of discretion by the trial court in not allowing a voir dire of the jury *(see, People v Harper,* 47 NY2d 857, 858; *People v Volpe,* 116 AD2d 609, 610) or in refusing to declare a mistrial *(Hall v Potoker,* 49 NY2d 501; *People v Michael,* 48 NY2d 1). As to the defendant's remaining contention, we find that the mere possibility that the jury might have seen the defendant in handcuffs did not involve prejudice to the defendant so as to require a curative instruction *sua sponte.* Since there was no application by the defendant for a curative instruction, this issue is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). Mangano, J. P., Eiber, Sullivan and Balletta, JJ., concur.