■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMIAN PINEDA, Appellant.—Judgment of the Supreme Court, New York County (Edward McLaughlin, J.), rendered on March 30, 1988, convicting defendant, following his plea of guilty, of criminal possession of a controlled substance in the second degree and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of from six years to life, is unanimously affirmed.

Defendant's sole contention on appeal is that he is not a predicate felon because his prior conviction was unconstitutionally obtained. We find no merit to this claim. In that regard, the record of the 1985 predicate plea proceeding indicates that defendant was represented by competent counsel. His assertion that an interpreter should have been furnished is unsupported. The trial court at the 1985 conviction inquired first of defendant and later of his attorney whether defendant understood the nature of the proceedings, whether he understood English, whether counsel was satisfied that the client's plea was intelligently and providently entered and whether there was a legal and factual basis for the plea. In each instance, the court received an affirmative response to her inquiries. Moreover, based upon the observations of the court in the instant proceedings to defendant's reactions to comments made only in English and upon the fact that defendant answered several of the Judge's questions before they were translated in Spanish, it is clearly evident that defendant does understand English. In any event, while a defendant who cannot understand English is entitled to have an interpreter, this right may be waived where a defendant or his attorney fails to call to the attention of the trial court, in some appropriate manner, his lack of sufficient knowledge of the English language *(People v Ramos,* 26 NY2d 272). The 1985 plea record does not reveal a request for an interpreter and, thus, any such right was waived. Concur—Kupferman, J. P., Sullivan, Milonas, Asch and Smith, JJ.