■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT COON, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Sherman, J.), rendered September 2, 1986, convicting him of robbery in the first degree, kidnapping in the second degree, and assault in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that the hearing court erred in

failing to suppress his statements is without merit. It is well settled that the hearing court's determination is entitled to great deference on appeal and will not be disturbed unless unsupported by the record *(see, People v Gee,* 104 AD2d 561). The record in this case amply supports the court's conclusion that the defendant was fully apprised of his constitutional rights, that he acknowledged that he understood them, and that he knowingly and voluntarily waived them prior to speaking with the detective *(see, e.g., People v Irby,* 115 AD2d 661). The defendant's further challenge to the credibility of the detective is unavailing, as the detective provided a logical and consistent account of the events surrounding the questioning of the defendant, and the hearing court did not improvidently exercise its discretion in crediting his uncontroverted testimony. Accordingly, we discern no basis for disturbing the hearing court's determination.

Moreover, in neglecting to raise his claim of a violation of his right to counsel before the hearing court, the defendant "has deprived this court of an adequate record upon which to exercise a reasoned and intelligent review of his contentions" *(People v Underwood,* 126 AD2d 584).

The defendant's challenge to the propriety of the trial court's *Sandoval* ruling has been waived by his plea of guilty *(see, e.g., People v Johnson,* 141 AD2d 848). In any event, were we to reach the issue, we would conclude that the court engaged in a careful balancing of probative value and prejudicial effect in reaching an appropriate compromise ruling on the *Sandoval* application *(see, People v Pavao,* 59 NY2d 282; *People v Hamlin,* 153 AD2d 644; *People v Mannery,* 151 AD2d 697). Mangano, P. J., Eiber, Sullivan and Balletta, JJ., concur.