■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY L. VAUGHN, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Warren County (Moynihan Jr., J.), rendered February 20, 1990, upon a verdict convicting defendant of the crimes of burglary in the second degree and petit larceny.

In the late evening of October 31, 1988 or early morning of November 1, 1988, the Bailey residence at 122 Bay Street in the City of Glens Falls, Warren County, was burglarized. Fingerprints were removed from a windowpane from the back door and later matched to a set of defendant's prints on file with the police. On December 7, 1988, a police officer approached defendant and requested that he come to the police station for questioning. Defendant was transported to the station, given *Miranda* warnings and he eventually signed a written statement admitting his involvement in the burglary. Following a jury trial, defendant was convicted of burglary in the second degree and petit larceny, and concurrent sentences of imprisonment were imposed. This appeal ensued.

Defendant initially contends that County Court erred in failing to suppress his confession, asserting that *Miranda* warnings were not properly administered and he was denied assistance of counsel. We disagree. In reviewing suppression issues, we should accord great deference to the determination of the hearing court, which had the opportunity to see and hear the witnesses *(see, People v Flores,* 153 AD2d 585, *lv denied* 75 NY2d 770). Where, as here, that determination is

supported by the record, it should not be disturbed *(see, People v Prochilo,* 41 NY2d 759, 761; *People v Yukl,* 25 NY2d 585, 588, *cert denied* 400 US 851). Based upon the testimony adduced from the police officers, it cannot be said, as a matter of law, that County Court erred in concluding that defendant's statement was voluntary *(see, People v Glasper,* 160 AD2d 723, *lv denied* 76 NY2d 788).

Equally without merit is defendant's contention that the evidence adduced at trial was legally insufficient to support the jury's verdict. Viewing the evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620) and bearing in mind that matters involving credibility are primarily for the jury's resolution *(see, People v Gaimari,* 176 NY 84, 94), we find that the testimony of the tenants of 122 Bay Street, the evidence provided by fingerprint specialists and other police officers, and defendant's own confession support the conclusion that defendant knowingly entered the Bailey dwelling with criminal intent and thereafter stole property. As such, the evidence was legally sufficient to support defendant's convictions. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Defendant's remaining contentions of error are similarly unavailing. County Court, by precluding the prosecution from eliciting the nature and details of defendant's prior convictions and limiting inquiry to the fact of nine misdemeanor convictions, "engaged in a careful balancing of probative value and prejudicial effect in reaching an appropriate compromise ruling on the *Sandoval* application" *(People v Coon,* 161 AD2d 657, 658; *see, People v Pollock,* 50 NY2d 547, 549; *People v Sandoval,* 34 NY2d 371). Contrary to defendant's assertion, we find no error in the prosecution's failure to retain the glass windowpane in view of its preservation of the actual fingerprints as they were removed and offer of expert testimony explaining the prints and their location *(see, People v Pena,* 99 AD2d 846, 847). Finally, defendant's claim that two jurors briefly and inadvertently viewed him while he was handcuffed and being transported is not substantiated by the record. Moreover, defendant did not request either curative instructions or a voir dire of the jury. In these circumstances, even if this concededly brief and inadvertent viewing occurred, defendant was not deprived of a fair trial *(see, People v Harper,* 47 NY2d 857, 858; *People v Malinowski,* 152 AD2d 710, *lv denied* 74 NY2d 898; *People v Rescigno,* 152 AD2d 853, 853-854, *lv denied* 74 NY2d 851).

Mikoll, J. P., Yesawich Jr., Levine and Crew III, JJ., concur.
Ordered that the judgment is affirmed.