■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELMER E. PELLOR, Appellant

Initially, we find that defendant's contention that he was denied the effective assistance of an interpreter throughout the County Court proceedings lacks merit as he never requested an interpreter until his fifth appearance in court. Up until that time, defendant assured the court that he understood the proceedings and that he would specifically ask for an interpreter if and when needed (see, People v Pineda, 160 AD2d 649, lv denied 76 NY2d 794; People v Gamal, 148 AD2d 468). When he finally did request the presence of an interpreter, one was provided to him and she was present at every court appearance thereafter. Any challenge to the adequacy of his interpreter has not been preserved for review insofar as defendant failed to express any dissatisfaction with her (see, People v Duenas, 120 AD2d 978, 979). We also find that defendant's sentence of 1 to 3 years' imprisonment was not harsh and excessive, as it was within the statutory guidelines and one which defendant knew he would receive when he admitted violating his probation (see, People v Smith, 136 AD2d 867, lv denied 71 NY2d 1033; People v Kazepis, 101 AD2d 816, 817).

Mercure, Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed.