■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD J. TRONCONE, Appellant. [597 NYS2d 498] —Weiss, P. J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered July 12, 1991, convicting defendant upon his plea of guilty of two counts of the crime of burglary in the second degree.

During an investigation of a series of residential burglaries, the State Police focused their attention on Anthony Guarini and defendant. Based on information obtained, the police followed the two suspects to a local store where it was expected they would sell recently stolen jewelry. After the suspects had departed from the store, one investigator entered to confirm the sale of stolen goods while other officers maintained surveillance of these two suspects. When the sale of stolen goods had been confirmed, Guarini and defendant were arrested. They were transported separately to the State Police barracks where, after questioning, both confessed to their roles in several burglaries. Defendant confessed after Guarini confirmed to him that he had freely admitted his role in the burglaries and had fully implicated defendant.

Defendant moved to suppress his oral and written confessions, contending that he had not been advised of his constitutional rights and had been denied access to legal counsel. After a hearing, County Court specifically credited the version testified to by State Police Investigator John Skinner over testimony offered by defendant. Prior to trial, defendant pleaded guilty to both counts of the indictment. On this appeal, defendant has challenged only the factual determination made by County Court.

Upon appeal, much weight should be accorded to the determination of the suppression court which has the advantage of observing the demeanor and testimony of witnesses *(People v Prochilo,* 41 NY2d 759, 761). Here, credibility was the decisive factor in resolving the suppression issue *(see, People v Chambers,* 105 AD2d 1013, 1014). Our review of the record reveals no reason to disturb County Court's determination that defendant had been given his constitutional preinterrogation warnings, waived his constitutional rights and did not request legal counsel.

Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.