■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

MARK A. WOOD, Appellant. [601 NYS2d 969] —Appeal from a judgment of the County Court of Greene County (Lalor, J.), rendered October 8, 1991, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

Defendant contends that County Court erred in denying his motion to suppress cocaine found in a car in which he was riding and subsequent statements made by defendant to the police. We disagree and affirm.

State Police Investigator William John testified at the suppression hearing that he had been informed by a confidential informant who had provided accurate information in the past that defendant was involved in the sale of cocaine and would return to the Capital District with cocaine on the afternoon of January 15, 1991 in a black 1984 Fiero automobile with a particular license plate number. The informant also indicated to John that he had personally been given this information by defendant. On January 15, 1991 police observed the car described by the informant stop at the New Baltimore service area on the Thruway. John and his partner approached the vehicle and John observed white powder on the driver's shirt and a clear plastic bag with a white substance in it on the floor of the car near defendant. Defendant and the driver were then told to exit the car and were arrested. After defendant had been transported by other police officers to the State Police station, John took defendant aside and, upon informing him of his constitutional rights, took an inculpatory statement from defendant.

We find that the information provided by the confidential informant was at the least sufficient to allow the police to approach the parked vehicle to request information and that the observation of the white substance on the driver's shirt and in the plastic bag, in conjunction with the information provided by the informant, constituted probable cause for an arrest (see, People v Haggray, 173 AD2d 962, lv denied 78 NY2d 966; People v Heston, 152 AD2d 999, lv denied 76 NY2d 858, 940). Further, the record supports County Court's finding that defendant was given his constitutional warnings and validly waived them prior to giving his statement to John; given our determination that the police had probable cause to arrest defendant, his argument that the statement was the product of an invalid stop is without merit. The fact that defendant's testimony at the suppression hearing contradicted that of John merely presented a credibility question for

County Court to resolve *(see, People v Troncone,* 193 AD2d 837; *People v Vaughn,* 175 AD2d 414). We will not disturb County Court's determination in this regard where, as here, it is supported by the record *(see, People v Vaughn, supra).*

Mikoll, J. P., Mercure, Cardona, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.