■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERRY L. DANIELS, Appellant. [612 NYS2d 463] —Weiss, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered May 24, 1993, upon a verdict convicting defendant of the crime of reckless endangerment in the first degree.

On November 7, 1992 defendant fired three shots from a handgun at a man named Jacky Lewis in the City of Hudson,

---

Columbia County, for which conduct he was subsequently indicted on a charge of reckless endangerment in the first degree. Defendant has appealed from the judgment of conviction after a jury trial on the charge.

At the close of proof, defendant moved for a mistrial on the basis of incidents alleged by his attorney to have occurred when jurors had twice observed him sitting in the front seat of a Sheriff's patrol car during the trial. Defendant never identified the specific jurors who allegedly observed him. He failed to offer proof in response to County Court's inquiry as to whether he was handcuffed, or was in "any way being treated in a manner inconsistent with human respect and dignity", or if there was anything inflammatory or prejudicial in the accidental observation. Defense counsel's only response was that the jurors could come to the conclusion that defendant was in custody and therefore might draw the wrong inference from such preconviction incarceration. County Court denied the motion, finding that defendant had failed to raise a threshold question requiring further inquiry. County Court distilled defendant's complaint to the casual observation by several jurors of defendant in the company of the Sheriff. Following the denial of the motion and defendant's failure to respond to the court's specific inquiry, he made no further requests.

Defendant failed to make an offer of proof or even to suggest anything inherently prejudicial in these essentially innocuous and brief inadvertent incidents (see, People v Harper, 47 NY2d 857; People v Durgey, 186 AD2d 899, 902, lv denied 81 NY2d 788), and neither requested curative instructions nor a voir dire of the jury (see, People v Vaughn, 175 AD2d 414, 415; People v Malinowski, 152 AD2d 710, lv denied 74 NY2d 898; People v Rescigno, 152 AD2d 853, lv denied 74 NY2d 851). Accordingly, we can reach no conclusion other than that defendant failed to demonstrate that he had been deprived of a fair trial as a result of the limited observations.

Defendant next contends that the charge to the jury concerning the meaning of reasonable doubt contained improper and prejudicial wording. Because he did not object to the charge, however, he has failed to preserve the issue for appeal (see, People v Jackson, 178 AD2d 851, lv denied 79 NY2d 1002). The words that defendant finds offensive are: "One way of stating it is that a doubt of the Defendant's guilt to be a reasonable doubt must be a doubt for which some reason can be given and articulated." Defendant contends that the Court

of Appeals has recommended the addition of a proviso to the effect that jurors have no obligation to actually articulate the reason for their doubts *(People v Antommarchi,* 80 NY2d 247, 253). We cannot agree that the omission in this case was error. While *Antommarchi* suggests that it would be a better practice to add the proviso, the charge here is similar to the charge found acceptable in *Antommarchi* and which has been used for over 100 years *(see, supra,* at 252). The charge as delivered neither shifts the burden of proof to defendant nor suggested to the jurors that they actually had to articulate any doubts *(see, People v Jackson,* 155 AD2d 329, *affd* 76 NY2d 908). Accordingly, we find no error.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.