■ The People of the State of New York, Respondent, v Danton Duncan, Appellant. [635 NYS2d 462] —Judgment, Supreme Court, New York County (Renee White, J.), rendered June 9, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of $4^1/2$ to 9 years, unanimously affirmed.

Defendant's contention that the court's jury charge deprived him of a fair trial is unpreserved for appellate review as a matter of law (CPL 470.05 [2]), and we decline to review it in the interest of justice. If we were to review it, we would find that the trial court's instruction to the jury not to speculate did not improperly convey that they were to ignore the absence of proof of defendant's fingerprints on the drug vials, buy money in his possession, and other purported gaps in the People's case, but simply that they were not to go beyond the evidence in theorizing about the reasons for the gaps (compare, People v Rodriguez, 141 AD2d 382, 385). Concur—Murphy, P. J., Sullivan, Ross, Williams and Tom, JJ.