■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MARCHESE, Appellant. [638 NYS2d 71] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered December 10, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $6^1/2$ to 13 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of 5 to 10 years, and otherwise affirmed.

In this "buy and bust" case, there was extensive cross-examination of the police concerning their failure to use various additional investigative techniques. Accordingly, in charging the jury that they should "not consider or speculate about" what other investigative techniques might have been used, the word "consider" was inappropriate. However, this did not render the court's reasonable doubt instruction reversible error since the quoted language properly focused on the prohibition against juror speculation, and the instruction otherwise adequately conveyed the principle that a reasonable doubt can arise from a "lack of evidence" (*compare, People v Duncan*, 221 AD2d 254, *with People v Rodriguez*, 141 AD2d 382). In any event, given the overwhelming evidence of guilt, any error was harmless (*People v Roldos*, 161 AD2d 610, *lv denied* 76 NY2d 864).

We find the sentence excessive to the extent indicated. We have considered defendant's other contentions and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Rubin, Kupferman and Williams, JJ.