■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVIER GOMEZ, Appellant. [642 NYS2d 215] —Judgment, Supreme Court, Bronx County (Fred Eggert, J.), rendered June 21, 1993, convicting defendant, after a jury trial, of murder in the second degree and attempted murder in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 25 years to life and 5 to 10 years, respectively, unanimously affirmed.

Although defendant contends that the prosecutor's summation deprived him of a fair trial, most of the comments challenged on appeal were not objected to at trial, and therefore most of the claimed errors have not been preserved for appellate review as a matter of law (CPL 470.05 [2]; *People v Balls*, 69 NY2d 641). We decline to review them in the interest of justice. In any event, the comments of the prosecutor constituted a proper response to the defense summation (*People v Galloway*, 54 NY2d 396). Any impropriety in the reference to tailoring of testimony (*People v Gonzalez*, 194 AD2d 436, *lv denied* 82 NY2d 718) would be harmless error in light of the overwhelming evidence of defendant's guilt (*People v Morgan*, 66 NY2d 255).

Viewed as a whole, the court's identification charge appropriately instructed the jury on the applicable legal principles and neither bolstered the prosecution's case nor

undermined the defense. Further, the instruction to the jury not to speculate did not improperly convey that the jurors were to ignore the absence of proof of defendant's guilt, but simply that they were not to go beyond the evidence in theorizing about the reasons for any gaps therein (*People v Duncan*, 221 AD2d 254). Moreover, contrary to the contention raised by defendant in his *pro se* supplemental brief, the charge sufficiently conveyed the applicable legal principles governing the deliberative process (*see*, *People v Battes*, 190 AD2d 625, *lv denied* 81 NY2d 1011).

The possible viewing by some jurors of defendant in handcuffs was brief and inadvertent and did not, by itself, deny him a fair trial, particularly where defendant declined a curative instruction, did not request an alternative instruction, and did not request the substitution of alternate jurors or any examination of jurors into the effect of the encounter (*People v Harper*, 47 NY2d 857).

We perceive no abuse of discretion in sentencing. Concur—Murphy, P. J., Rubin, Kupferman, Ross and Tom, JJ.