Third Department, June, 2004

(June 3, 2004)

■ The People of the State of New York, Respondent, v Frederick E. Adams, Appellant. [777 NYS2d 805]—

Carpinello, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered November 3, 2000, upon a verdict convicting defendant of the crimes of attempted murder in the second degree (two counts), assault in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (two counts).

Following a jury trial, defendant was found guilty of various weapons, assault and attempted murder charges stemming from his role in an early morning shooting spree with codefendant Samuel Brown in the City of Binghamton, Broome County. One of the two victims was seriously injured while the other suffered only minor injuries. Sentenced to concurrent prison terms aggregating 18 years, defendant appeals. Finding no merit to any of the issues raised, we affirm.

We address first defendant's claim, conclusory in nature, that the verdict was against the weight of the evidence. Both victims testified in detail at the trial regarding the events surrounding the shooting. Each described how they were sitting in a parked vehicle on the morning in question when two men pulled up in a white Chevrolet Beretta, got out of the car and immediately began firing shots at them. Notably, one of the victims, who was well acquainted with defendant, positively identified both defendant and Brown as being the shooters.

In addition to wounding one of the victims in the neck and arm, errant bullets damaged both vehicles. The owner of the Chevrolet Beretta testified that she had loaned her car to defendant a few hours before the shooting and that it was not damaged with bullet holes at that time. She further recounted how defendant came to her within hours of the shooting and instructed her to report the vehicle stolen. Although defendant took the stand at trial and denied participating in the shooting, the jury heard evidence that he had given oral and written statements to police several days thereafter admitting, among other things, that he and Brown fired several shots at the victims' parked vehicle that morning. In short, viewing the evidence against defendant in a neutral light, we are unable to conclude that the verdict was against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

Next, we are likewise unable to conclude that County Court abused its discretion in denying defendant's motion for a mistrial after the jurors watched the videotaped testimony of an

unavailable witness during the course of which they heard, although could not see, that defendant was in handcuffs and also briefly observed him in prison garb. The issue is not properly preserved for our review, however, since County Court offered to give a curative instruction to alleviate any prejudicial effect but defense counsel declined the offer (*see e.g. People v Harper*, 47 NY2d 857, 858 [1979]; *People v Farless*, 245 AD2d 878, 879 [1997], *lv denied* 91 NY2d 972 [1998]; *People v Malinowski*, 152 AD2d 710 [1989], *lv denied* 74 NY2d 898 [1989]; *People v Walker*, 139 AD2d 546 [1988]). Nor is reversal in the interest of justice warranted since the jury never actually observed defendant in restraints (*cf. People v Neu*, 124 AD2d 885 [1986]; *People v Mixon*, 120 AD2d 861 [1986]), only fleetingly observed him in prison garb and the proof of his guilt was overwhelming, particularly given the testimony of one of the victims who positively identified defendant as one of the shooters (*see e.g. People v Gomez*, 226 AD2d 296, 297 [1996], *lv denied* 88 NY2d 936 [1996]; *People v Vaughn*, 175 AD2d 414, 415 [1991]; *People v Rescigno*, 152 AD2d 853, 853-854 [1989], *lv denied* 74 NY2d 851 [1989]; *People v Dawson*, 125 AD2d 860, 861-862 [1986], *lv denied* 69 NY2d 879 [1987]).

Finally, defendant was not denied his statutory or constitutional right to a speedy trial and we also decline to reduce his sentence.

Cardona, P.J., Mercure and Kane, JJ., concur. Ordered that the judgment is affirmed.