People v Felix (2004 NY Slip Op 50742(U))

[*1]

People v Felix

2004 NY Slip Op 50742(U)

Decided on July 2, 2004

Supreme Court, New York County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 2, 2004

Supreme Court, New York County
THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff
against
MIGUEL FELIX, Defendant.
1870/04

Carol Berkman, J.
Defendant, charged with criminal possession of a weapon in the second and third degrees and assault in the second degree, moves for an order pursuant to CPL §190.50 dismissing the indictment on the ground that he was deprived of "a reasonable and meaningful opportunity to exercise his right to appear and testify before the Grand Jury." Defense counsel claims that defendant's ability to speak Spanish is inadequate. Counsel asserts that without an interpreter in defendant's native language, Tlapaneco, she could not "communicate" with, or "effectively and meaningfully" explain to defendant, grand jury procedure, defendant's rights, or waiver of immunity, or to prepare his prospective testimony, nor could defendant meaningfully exercise his right to give testimony. As a result, defendant claims that the prosecution denied him "a meaningful opportunity to determine whether he wished to testify at the Grand Jury and denied him a meaningful opportunity actually to testify." The motion papers do not explicitly claim that defendant actually would have testified if a Tlapaneco interpreter had been available.
The People oppose this motion.
FACTS
Defendant was arraigned on the felony complaint in Criminal Court on February 19, 2004. Defendant's assigned counsel served notice of the defendant's intention to testify before the Grand Jury. The prosecutor's affirmation in response to the motion, whose uncontradicted assertions are taken as true after defendant was afforded the opportunity to reply but elected not to do so, states that the case was adjourned for possible disposition, after defense counsel waived the time limitations of C.P.L. § 180.80 (presumably with defendant's consent), from February 20, 2004 to March 4, 2004, then to March 18, and then to April 7, 2004. Counsel also waived the defendant's C.P.L. § 30.30 rights (also presumably with defendant's consent) between March 4 and April 7. The Criminal Court judge, in granting an adjournment from March 18 to April 7, marked it final. Defense counsel ultimately informed the prosecutor that defendant was not interested in the prosecutor's plea offer.
Defense counsel never indicated that she had any difficulty communicating with defendant in Spanish, or that defendant could not understand the Criminal Court proceedings that were conducted with a Spanish interpreter, until on or about April 6, when counsel informed the [*2]prosecutor that she could not adequately communicate with the defendant in Spanish and that defendant needed a Tlapaneco interpreter before he could meaningfully exercise his right to testify in the grand jury.[FN1] After the prosecutor advised defense counsel and the court that the district attorney's Interpreter Services Unit had been unable to secure a Tlapaneco interpreter on one day's notice, the court adjourned the case to April 9, 2004. Still unable to locate a Tlapaneco interpreter, the prosecutor presented the case to the grand jury on April 9, without defendant's testifying, after defense counsel continued to insist that defendant was unable to communicate effectively in Spanish and needed a Tlapaneco interpreter. Defense counsel also communicated her position to the prosecutor in writing, but there is no indication that counsel sought relief in Criminal Court. As of May 25, 2004, the date of the prosecutor's response to this motion, the efforts of the district attorney's office, and apparently defense counsel, to procure a Tlapaneco interpreter continued to be unsuccessful. This court also has not yet been able to find a qualified Tlapaneco interpreter.
CONCLUSIONS
Defendant's claim that the People deprived him of a reasonable opportunity to testify before the grand jury lacks merit. CPL §190.50(5) requires that the People afford the defendant notice and a "reasonable time" to exercise his right to appear as a witness before the grand jury. Here, the record establishes that the People complied with this requirement.
It is not necessary to determine the credibility of counsel's claim that the defendant does not "communicate" or "effectively and meaningfully communicate" in Spanish, or to determine the extent of the obligation by the People or the Court to secure the services of a special interpreter of an unusual dialect for a defendant who promptly claims to need those services in connection with the defendant's possible grand jury testimony, when such specialized services are not readily obtainable. Given the lengthy amount of time that the matter was pending in Criminal Court so that the parties could engage in plea negotiations, defense counsel's failure until virtually the last day, approximately 1½ months after arraignment, to inform that court of the defendant's alleged need for this special interpreter, is fatal to defendant's claim. Defendant does not claim that anything that occurred earlier should have alerted the court (or the prosecutor) to the defendant's alleged inability to adequately speak and understand Spanish.
The prosecution correctly points out that it is not responsible for furnishing an interpreter so that a defendant's lawyer can confer with her client.[FN2] A court should appoint an interpreter to assist an indigent defendant when necessary to enable the defendant to understand the [*3]proceedings and meaningfully assist in his defense; but the right to an interpreter generally is waived when neither the defendant nor his attorney call the matter to the court's attention. People v. Robles, 86 N.Y.2d 763 (1995); People v. Ramos, 26 N.Y.2d 272, 274 (1970); People v. Pineda, 160 A.D.2d 649 (1st Dep't 1990); see People v. Wong, 256 A.D.2d 724, 725 (3d Dep't 1998) (claim that court-appointed interpreter inadequate and unable "to communicate in the particular [Chinese] dialects with which defendant was most familiar" precluded by failure to raise issues before or during trial). "Only when it becomes acutely obvious that the defendant is exhibiting an inability to understand the trial proceedings or to communicate with his counsel due to a language barrier, should the court take affirmative steps to determine the need of an interpreter." People v. Ramos, 26 N.Y.2d at 275; see People v. Phillips, 265 A.D.2d 237 (1st Dep't 1999) (rejecting claim where defendant did not alert court to alleged severity of hearing impairment and the need for interpretive assistance was not obvious); United States ex rel. Negron v. State, 434 F.2d 386, 390-91 (2d Cir. 1970) (requiring "that a court, put on notice of a defendant's severe language difficulty, make unmistakably clear to him that he has a right to have a competent translator assist him, at state expense if need be" [emphasis added]).
People v. Wei-Lin Pan, N.Y.L.J., June 21, 1991, at 29, col. 1 (Sup. Ct., Queens Co.), cited by defendant, is not on point. The court ruled that defense counsel failed to provide effective assistance when counsel inexplicably and mistakenly assumed, without making proper inquiry, that a Chinese interpreter would not be available at the time defendant's grand jury testimony had been scheduled. Defendant was thereby deprived of the opportunity to testify even though an interpreter actually was present in the grand jury room that day.
Having failed promptly to alert the prosecutor to the defendant's alleged need for special interpretive services, defendant also cannot complain that his rights were violated by the prosecution's decision to proceed with the grand jury presentation after defendant declined to testify with the aid of a Spanish interpreter. Contrary to defense counsel's claims, the People did everything necessary to afford defendant a "reasonable opportunity" to testify before the grand jury, and it is undisputed that the prosecutor apparently unlike defendant or his counsel even made several efforts to locate a Tlapaneco interpreter before the return of the indictment, despite defense counsel's belated notification.
For the foregoing reasons, the motion to dismiss the indictment is denied.
Dated: New York, New York
July 2, 2004
__________________________
 BERKMAN, J.
Footnotes

Footnote 1: The prosecutor also states without contradiction that defendant was able to make himself understood when he spoke with police officers in Spanish about the incident on February 18, 2004, and that he provided pedigree information to the police and the Criminal Justice Agency interviewer in Spanish. 

Footnote 2: C.P.L. § 190.25(3)(d) provides: "Upon request of the grand jury, the prosecutor must provide an interpreter to interpret the testimony of any witness who does not speak the English language well enough to be readily understood. Such interpreter must, if he has not previously taken the constitutional oath of office, first take an oath before the grand jury . . . ."