Lahtinen, J.E
Appeal from a judgment of the Supreme Court (Lamont, J.), rendered May 3, 2012 in Albany County, upon verdicts convicting defendant of the crimes of attempted murder in the second degree, criminal use of a firearm in the first degree and criminal possession of a weapon in the second degree.
In September 2010, as patrons were leaving a nightclub in the City of Albany at around 4:00 a.m., defendant was observed by two members of the nightclub’s security staff firing multiple shots from a handgun at a vehicle as it sped out of the parking lot. Defendant was later charged in a multicount indictment and a jury found him guilty of criminal possession of a weapon in the second degree, but the jury was deadlocked on several counts. A second trial on the counts where the first jury had been unable to reach a verdict resulted in defendant being convicted of attempted murder in the second degree and criminal use of a firearm in the first degree. He was sentenced, as a second violent felony offender, to concurrent prison terms with an aggregate maximum of 19 years plus postrelease supervision. Defendant appeals.
Defendant argues that his convictions in the second trial for attempted murder and criminal use of a firearm (counts 1 and 2 of the indictment) were not supported by legally sufficient evidence and were against the weight of the evidence. The focus of his argument is that firing shots at a retreating vehicle was insufficient to establish the element of intent to cause the death of another. “[Ijntent can ... be inferred from the defendant’s conduct and the surrounding circumstances and indeed this may be the only way of proving intent in the typical case of criminal attempt” (People v Bracey, 41 NY2d 296, 301 [1977] [internal quotation marks and citations omitted]; see People v Callicut, 101 AD3d 1256, 1258 [2012], lv denied 20 NY3d 1096 [2013]). Testimony at trial included two of the nightclub’s security staff as well as several City of Albany police officers, who were on hand because of possible crowd control issues when the show at the nightclub ended at 4:00 a.m. The security staff were escorting two unruly patrons off the premises when they were notified of a problem in the back parking lot. As they headed to the back lot, they heard two shots. The security staff *1129 then saw a black car speeding away and a man—later identified as defendant—firing four to six shots at the car. The car came within an estimated five feet of defendant and he ran after the car continuing to shoot at it. Although the police officers at the scene were not in a location to see the shooting, they were provided a description of the shooter by security staff and the officers quickly apprehended defendant, as well as later finding the handgun and other evidence.
After receiving Miranda warnings, defendant agreed to talk with police, and that interview was recorded and received into evidence at trial. Defendant claimed that a friend of his was being attacked outside the nightclub and that he went to assist his friend, including wrestling a gun from one individual. He stated that shots were fired at him by a person who left the fight and got into the car. Defendant, who testified at both trials, acknowledged shooting at the car, but claimed he was only trying to scare the car away. There was also evidence that one of the individuals that defendant thought was in the car was someone that defendant believed had shot his brother a few weeks earlier.
Viewed most favorably to the People, the evidence established that defendant repeatedly fired a .45 caliber semiautomatic handgun at the car from a distance as close as five feet. He believed that an occupant of the car had recently shot his brother. His contention that he was merely attempting to scare off the car created a credibility issue for the jury and was undermined by the fact that he ran after the car continuing to fire at it as it left the scene. The proof was legally sufficient to support the jury’s verdict (see People v Malik’El, 234 AD2d 566, 566 [1996], lv denied 89 NY2d 987 [1997]; People v Torres, 149 AD2d 747, 748 [1989], lv denied 74 NY2d 748 [1989]). Moreover, after viewing the evidence in a neutral light, while according deference to the jury’s credibility determinations, we are unpersuaded that the verdict was against the weight of the evidence (see People v Collazo, 45 AD3d 899, 900-901 [2007], lv denied 9 NY3d 1032 [2008]; People v Adams, 8 AD3d 685, 686 [2004], lv denied 3 NY3d 669 [2004]).
Defendant next contends that, during the first trial, he was deprived of a fair trial because Supreme Court did not individually question all jurors after two jurors indicated that defendant’s apparent girlfriend had made inappropriate comments. One of the jurors heard the putative girlfriend ostensibly say the trial was “a joke” and the jurors “stupid,” and that juror told the second juror. Supreme Court “conducted] a probing and tactful inquiry into the facts of the situation” (People v *1130 Harris, 99 NY2d 202, 213 [2002] [internal quotation marks omitted]), questioning each of the two jurors individually and determining that the ability of each to decide the case fairly had not been affected so as to render either grossly unqualified (see CPL 270.35 [1]; People v Reichel, 110 AD3d 1356, 1358 [2013], lv denied 22 NY3d 1090 [2014]). The record fully supports Supreme Court’s determination. The issue of whether other jurors should have been questioned by the court was not preserved as defense counsel, who participated in questioning the two jurors, made no such request. Supreme Court gave an admonishment not to tell anyone else about the comments and the court was not obligated under the circumstances to question other jurors.
Supreme Court did not err in admitting at the second trial defendant’s testimony from the first trial. A defendant’s testimony at a prior trial is generally admissible (see Harrison v United States, 392 US 219, 222 [1968]), so long as there is a proper evidentiary ground for the testimony (see e.g. People v Bowman, 77 AD3d 559, 560 [2010], lv denied 16 NY3d 828 [2011], cert denied 565 US —, 132 S Ct 307 [2011]; People v King, 158 AD2d 471, 471 [1990], lv denied 76 NY2d 737 [1990]) and the earlier testimony was not impelled by proof later determined to have been illegally obtained (see People v Spencer, 219 AD2d 259, 262-263 [1996], lv denied 88 NY2d 1024 [1996]). The People sought to admit defendant’s testimony since it contained relevant admissions by defendant. There was no contention that defendant’s earlier testimony was in any way the result of improper proof presented by the People in the first trial. Defendant was primarily concerned that admitting the testimony could reveal to the jury that a prior trial had occurred, and did not otherwise raise specific evidentiary objections to the testimony.
The remaining arguments do not require extended discussion. Although the better practice is to include in the admonishments to the jury specific reference to the Internet and other electronic devices or social media (see CJI2d[NY] Jury Admonitions in Preliminary Instructions [rev May 5, 2009]), defendant did not preserve the issue by timely objection and, in any event, Supreme Court gave admonitions nearly verbatim to those required by the relevant statute (see CPL 270.40). Supreme Court did not commit reversible error in making a different Sandoval ruling in the second trial than was made at the first trial (see People v Evans, 94 NY2d 499, 500-501 [2000]). The court’s ruling followed proper Sandoval analysis and was within its discretion (see People v Hayes, 97 NY2d 203, 207-208 [2002]; *1131 People v Williams, 56 NY2d 236, 238-239 [1982]). The brief reference by a police detective during grand jury testimony to defendant’s wish to speak to a lawyer before signing paperwork regarding a request to take a DNA sample from him was improper and should have evoked a prompt curative instruction by the People. Nonetheless, we agree with Supreme Court’s determination that under the circumstances—particularly the fleeting nature of the comment and the strength of the other proof—the drastic remedy of dismissal of the indictment was not warranted (see People v Morrison, 110 AD3d 1380, 1381-1382 [2013], lv denied 22 NY3d 1201 [2014]; People v Kidwell, 88 AD3d 1060, 1061-1062 [2011]; People v Ramos, 48 AD3d 984, 985-986 [2008], lv denied 10 NY3d 938 [2008], cert denied 556 US 1110 [2009]). The remaining arguments have been considered and are unavailing.
Stein, Garry and Rose, JJ., concur.
Ordered that the judgment is affirmed.