People v Albert (2018 NY Slip Op 02937)





People v Albert


2018 NY Slip Op 02937


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.


223 KA 16-00130

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CISHAHAYO ALBERT, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.
R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JASON A. MACBRIDE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered October 7, 2015. The judgment convicted defendant, upon his plea of guilty, of rape in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon an Alford plea of rape in the third degree (Penal Law § 130.25 [3]). Defendant contends that County Court erred in accepting his Alford plea because the record does not contain the requisite strong evidence of guilt, establish that the plea was the product of a voluntary and rational choice, or demonstrate his true understanding of the nature of the Alford plea and its consequences. Defendant failed to move to withdraw his plea or to vacate the judgment of conviction and thus failed to preserve those contentions for our review (see People v Dixon, 147 AD3d 1518, 1518-1519 [4th Dept 2017], lv denied 29 NY3d 1078 [2017]; People v Elliott, 107 AD3d 1466, 1466 [4th Dept 2013], lv denied 22 NY3d 996 [2013]). Defendant further contends that preservation is not required because the plea was not knowingly, voluntarily and intelligently entered inasmuch as he made statements during the plea proceeding that were inconsistent with guilt and the court failed to conduct the requisite "further inquiry" (People v Lopez, 71 NY2d 662, 666 [1988]). We conclude that preservation is required because the "record indicated strong evidence of guilt and the court was not required to do more than it did to ensure that defendant voluntarily entered the plea" (People v Couser, 28 NY3d 368, 379 [2016]). We decline to exercise our power to review defendant's contentions as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]; Dixon, 147 AD3d at 1519). Defendant also failed to preserve for our review his further contention that he was denied his due process right to an interpreter by virtue of the interpreter's alleged translation errors (see CPL 470.05 [2]; People v Melendez, 8 NY3d 886, 887 [2007]; People v Duenas, 120 AD2d 978, 978-979 [4th Dept 1986]; see also People v Wong, 256 AD2d 724, 724-725 [3d Dept 1998], lv denied 93 NY2d 903 [1999]), and we likewise decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court