THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WARREN GOLDEN, Appellant.

First Department, April 10, 1973.

*Roy Broudny* of counsel (*Muschio, Weingard & Broudny,* attorneys), for appellant.

*Norman E. Frowley* of counsel (*Mario Merola, District Attorney*), for respondent.

*Per Curiam.* Defendant-appellant was convicted after non-jury trial of two counts of criminal possession of stolen automobiles and two related counts of violation of section 426 of the Vehicle and Traffic Law. In less than two years defendant purchased several stolen automobiles from one Kaeser and resold them for profit. At trial, he stoutly maintained his innocence and lack of guilty knowledge. However, there was one damning piece of circumstantial evidence never satisfactorily explained: even after learning from his supplier, during two aborted transactions, that the subject cars had been stolen, he continued his dealings with Kaeser. Further, the cars were acquired sight unseen, with registration and insurance forms executed in blank, always for cash, and at prices well below retail, and, indeed, wholesale value. The proof of guilt was overwhelming. We have considered the other points raised and find them without merit except for defendant's claim of excessiveness of his sentence to four concurrent terms of one year for each of the four counts of which he was convicted.

The proper imposition of sentence is probably the most difficult problem with which a Trial Judge is faced. The difficulty is not alleviated by the insistence of those who believe, simplistically, that long and severe sentences will provide the panacea for burgeoning crime. A sentence must be fashioned strictly *ad hominem,* based almost entirely on how society will probably be affected by the strictures placed on the activities of a particular defendant. The process must take into account several fac- .

tors: the rehabilitative, which is self-explanatory; the incapacitative, not here applicable; the deterrent effect upon him, as well as upon others who may be inclined toward criminal activity; and the vindictive, i.e., the measure of punishment to be inflicted upon the defendant by way of retribution for the transgression involved. It would, of course, be far easier to couple a particular punishment automatically with a particular crime, but such a sentence, completely ignoring the stated factors, would not, in most instances, be beneficial to society. Utter economic and emotional destruction of a defendant and of his family would rarely, if ever, confer a benefit upon the community.

Generally, it is recognized that there is no advantage to society in sentencing to imprisonment a person with an unblemished background, who has been convicted of a nonviolent crime. Particularly this is so where he has roots in the community such as family ties, or a responsible business position, which render it highly improbable that the defendant will ever again commit an illegal act. Defendant is stable, married, with three small children who require his guidance and care, and holds an important commercial post, in which his employer is anxious to retain him. He has made restitution of $8,800. In short, he is the likeliest candidate for probation — a sentence rehabilitative in scope and purpose. And yet, this defendant, a highly intelligent person without economic need, deliberately participated in the sort of crime which breeds thieves. It is quite understandable, therefore, that, on the other hand, there should be a recognition of the vindictive aspect of the sentencing process by the imposition, as the Trial Justice has done, of a jail sentence. In these circumstances it would appear to be the happy solution to the problem of condign punishment to impose a brief term in prison — as the slang of our profession has it — "to give him a taste of jail," to be followed by strict probation or, in the alternative, conditional discharge on appropriate terms. Before enactment of the current Penal Law, it was possible to impose this sort of sentence in a case where, as here, opportunity so to do was afforded because of conviction of two separte crimes: short confinement on one, followed by suspended sentence and probation on the other. This type of sentence may still be, and is imposed in the Federal courts, but no longer in New York courts except by knowledgeable Judges who, intending to accomplish this result and intending later to impose probation, will adjourn sentence, revoke bail or parole, and remand to jail during the period of adjournment. Obviously, this method is not available to this appellate court. Section 65.00 of the Penal Law provides

" that the court shall not impose a sentence of probation in any case where it sentences a defendant for more than one crime and imposes a sentence of imprisonment for any one of the crimes ". To impose a sentence of conditional discharge, " the court shall set forth in the record " that it " is of the opinion that neither the public interest nor the ends of justice would be served by a sentence of imprisonment " (§ 65.05). The practice commentary upon this section may not be read to justify departure from this interdiction of the former, salutary practice, and to this we invite legislative attention.

Faced as we are with the alternatives open to us, and being of the opinion that the sentence of four concurrent one-year terms is unduly harsh, disruptive of a family relationship with possible untold deleterious effect upon the children, and probably destructive of that moral fiber of defendant which we should endeavor to nourish, we must regard it as inappropriate. It will be a calculated risk to forego probation or conditional discharge in the well-founded hope that, with the experience of arrest, trial, conviction, restitution, and the " taste of jail " which we impose, defendant will never again deviate from the straight path. The combination should provide a deterrent effect.

Accordingly, the judgment of Supreme Court, Bronx County (MELIA, J.), rendered June 13, 1972, should be modified, in the exercise of discretion and the interest of justice, to reduce the sentences imposed to four concurrent periods of imprisonment, not to exceed 30 days each, and otherwise affirmed.

STEUER, J. (dissenting). I regret that I cannot agree with the conclusion reached in the majority opinion. The failure to accept that conclusion is not related to the statutory impasse discussed in that opinion, and I agree with what is expressed on that subject.

Our difference embraces a large sector of the purpose of incarcerate sanctions and no adequate exposition within the fitting limits of a judicial opinion is possible. The majority observes, and correctly, that " this defendant, a highly intelligent person without economic need, deliberately participated in the sort of crime which breeds thieves." Nevertheless, because he has a family which will undoubtedly suffer and a position which he will almost certainly forfeit, and because his crime did not involve violence and may well not be repeated by him, he is to receive a token imprisonment, aptly described in the vernacular as " a taste of jail." As an *ad hominem* approach this may well be deemed a compassionate solution.

But is it equally admirable from the standpoint of the main purpose of all criminal law enforcement, the protection of the public? Automobile theft is one of the more frequently occurring major crimes. When carried out along organized business lines it is a serious drain on the community. As noted, it has the deplorable effect of recruiting young people to a larcenous trade. Those at the apex are not easily detected and their guilt is difficult to prove. It is not at all unlikely that many of the guiding spirits of the organized auto theft enterprises are situated in one or more respects as this defendant is. When they are told that if all their precautions fail and they are finally convicted they can rely on their favorable social position and the probability of no further illegitimate activity to receive but a token sentence, will it be regarded as a deterrent or an encouragement?

The trial court afforded defendant an unexceptionably fair trial and stated his conclusions in a well-reasoned opinion. The sentence inflicted was neither vindictive nor harsh. The judgment should be affirmed.

MARKEWICH, J. P., KUPFERMAN and CAPOZZOLI, JJ., concur in *Per Curiam* opinion; STEUER, J., dissents in opinion.

Judgment, Supreme Court, Bronx County, rendered on June 13, 1972, modified, in the exercise of discretion and the interest of justice, to reduce the sentences imposed to four concurrent periods of imprisonment, not to exceed 30 days each, and otherwise affirmed.