THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL DOLKART, Appellant.

First Department, December 20, 1977

APPEARANCES OF COUNSEL

*Bernard W. Nussbaum* of counsel *(Douglas S. Liebhafsky* and *Michael W. Schwartz* with him on the brief; *Wachtell, Kipton, Rosen & Katz,* attorneys), for appellant.

*Peter L. Zimroth* of counsel *(Mark Dwyer* with him on the brief; *Robert M. Morgenthau, District Attorney),* for respondent.

## OPINION OF THE COURT

*Per Curiam.*

Joel Dolkart had been a partner on successive occasions in two major law firms located in New York City, as well as an officer and director of Gulf & Western Industries, Inc. In December, 1974, Dolkart was indicted by a New York County Grand Jury and charged with various felonies, including grand larceny and forgery. The charges were based on allegations that, between 1967 and 1973, Dolkart stole over two million dollars from the two law firms. In April, 1976, Dolkart pleaded guilty to the 19th count of the indictment charging him with forgery in the second degree in connection with the fraudulent issuance of a check in the amount of $250,000. This plea was entered pursuant to an agreement between counsel for Dolkart and the District Attorney, which agreement was approved by the court.

The terms of the agreement included a promise that the maximum term of imprisonment would be an indeterminate sentence not to exceed three years; that in the event that at the time of sentencing the court intended to impose a greater sentence, the defendant would be permitted to withdraw his plea; that commencement of the sentence of imprisonment would be stayed for a sufficient period to permit Dolkart to co-operate with the office of the District Attorney and with the Securities and Exchange Commission; that the District Attorney would then bring the extent of the co-operation to the attention of the court prior to commencement of sentence and would further recommend that any sentence of imprisonment be changed to a sentence of probation; that the recommendation would be made regardless of whether Dolkart's co-operation resulted in commencement of legal proceedings against any other person or entities; and that the court did not bind itself to accept the recommendation of the District Attorney.

After the entry of the plea, the court imposed a sentence on June 10, 1976 of an indeterminate term of imprisonment not to exceed three years. Execution of sentence was stayed and, during the term of the stay, the defendant co-operated fully with the Securities and Exchange Commission in its investigations.

Towards the end of June, 1977, the court was fully apprised of Dolkart's co-operation by both the office of the District Attorney and a representative from the Securities and Exchange Commission. A lengthy affidavit was given to the court

by the Securities and Exchange Commission detailing the information given by the defendant.

On June 29, 1977, the District Attorney reported to the sentencing Judge that Dolkart had fully co-operated with the authorities and, in accordance with the agreement entered into at the time of the plea, the People recommended that the sentence of Dolkart be reduced to one of probation. The court refused to modify the sentence that it had originally imposed and vacated the stay of execution.

The defendant has taken an appeal from that determination and execution of the sentence has been stayed pending determination of this appeal. In our review of the record, we note that Dolkart had effectuated restitution by making repayment of large sums of money to the law firms in which he was a partner and, in addition, he waived his rights, which were substantial, to certain pension funds and capital interests. The co-operation of the defendant with the governmental authorities has been extensive and uninhibited. We also note that at the time of sentencing the defendant was 61 years of age and had practiced law for over 30 years with an unblemished record. He was disbarred after his felony conviction in the instant action (54 AD2d 67).

We find that the court in its sentencing of the defendant in June, 1977 did not give adequate consideration to the extensive co-operation of the defendant with the authorities, or the fact that he did effectuate restitution with those from whom he had stolen the large sums of money. After expressing his doubts as to the effectiveness of the Securities and Exchange Commission as a governmental agency, the Justice then stated that it was the judgment of the court that vacatur of the sentence would not be in the public interest.

We would modify the sentence imposed. Prefatorily, we note that it is not the position of this court that the sentencing Judge was obligated to impose a term of probation upon the defendant. Quite to the contrary, the plea arrangement specifically reserved the right to the Trial Judge to reject the recommendation of the District Attorney and to impose the original sentence; namely, an indeterminate term of imprisonment not to exceed three years. However, the plea arrangement did provide that the court would take into consideration the co-operation of the defendant with the various agencies, and that that co-operation was not to be considered diminished if no others were indicted by the time the defendant was

finally sentenced. We find that the record presently before us indicates that the defendant was not afforded the benefit of the plea agreement, to which benefit he was entitled *(Santobello v New York,* 404 US 257; *People v Selikoff,* 35 NY2d 227, cert den 419 US 1122).

We conclude that, under all of the circumstances of this case, a sentence of probation should have been imposed. As we have appropriately noted in *People v Golden* (41 AD2d 242, 243-244): "The proper imposition of sentence is probably the most difficult problem with which a Trial Judge is faced. The difficulty is not alleviated by the insistence of those who believe, simplistically, that long and severe sentences will provide the panacea for burgeoning crime. A sentence must be fashioned strictly *ad hominem,* based almost entirely on how society will probably be affected by the strictures placed on the activities of a particular defendant. The process must take into account several factors: the rehabilitative, which is self-explanatory; the incapacitative, not here applicable; the deterrent effect upon him, as well as upon others who may be inclined toward criminal activity; and the vindictive, i.e., the measure of punishment to be inflicted upon the defendant by way of retribution for the transgression invovled. It would, of course, be far easier to couple a particular punishment automatically with a particular crime, but such a sentence, completely ignoring the stated factors, would not, in most instances, be beneficial to society. Utter economic and emotional destruction of a defendant and of his family would rarely, if ever, confer a benefit upon the community."

Accordingly, the judgment of the Supreme Court, New York County (LEFF, J.), rendered June 29, 1977, convicting the defendant, upon his plea of guilty, to the crime of forgery in the second degree, and sentencing him to an indeterminate term of imprisonment with a maximum of three years, should be modified as a matter of discretion in the interest of justice to the extent of reducing the sentence to a term of five years' probation, remanding the matter to another Judge to fix the conditions of probation, and the judgment should otherwise be affirmed.

SILVERMAN, J. P. (dissenting in part). Defendant, a lawyer, pleaded guilty to the crime of forgery in the second degree under section 170.10 of the Penal Law, a class D felony. The crime to which he pleaded guilty involved the forgery of an indorsement on a check for $250,000. He admitted that ulti-

mately he placed the proceeds of this check in his personal account. The indictment charges a course of larceny involving the theft of over $2,500,000, while the defendant was a member of two of the most prominent law firms in this city.

At the time of the plea of guilty, there was stated on the record the understanding between the defendant and the District Attorney that the term to which the defendant would be sentenced would be no more than three years' imprisonment; that the commencement of any sentence of imprisonment would be stayed for a sufficient period to permit the defendant to co-operate with the office of the District Attorney and the Securities and Exchange Commission with respect to matters as to which he had already supplied information, and any other matter concerning which he had knowledge or information; and that, provided the defendant co-operated fully, the District Attorney would bring his co-operation to the attention of the court prior to the commencement of sentence and recommend that any sentence of imprisonment be changed to a sentence of probation; but that the court was not binding itself to accept the recommendation.

On June 10, 1976, defendant was sentenced to an indeterminate term of imprisonment with a maximum of three years. Pursuant to the understanding of the court, the District Attorney and the defendant, execution was stayed. The stay of execution was extended from time to time.

On June 29, 1977, the defendant, his attorney and the District Attorney appeared before the trial court on an application, joined in by all parties, to modify the sentence to one of probation. The District Attorney stated that defendant had co-operated fully and would continue to. A letter was submitted from the Director of the Division of Enforcement of the Securities and Exchange Commission confirming that fact, and the good faith and the value of the defendant's co-operation. Nevertheless the sentencing Judge refused to vacate the sentence and ordered the defendant remanded. From this determination the defendant appeals to this court asking that this court impose a sentence of probation. The District Attorney urges that the sentence be vacated and that the defendant be resentenced taking into consideration the circumstances recited.

I agree that the defendant is entitled to be resentenced and that the resentence should take into consideration the statements made at the time of the plea and his subsequent co-

operation. At the time of his plea, the defendant was fairly led to believe by the acts and statement of all parties, that if he fully co-operated, he would get some benefit in his sentence from that. In this context, the statement that the court would not be bound by the recommendation could only mean that the court was not bound to impose a sentence of probation. But some benefit the defendant was promised, at least implicitly. The court refused to give him such a benefit. I think he was entitled to substantial benefit from the fact of his good faith and full co-operation. To do otherwise would constitute "trifling with the legitimate expectations of pleading defendants". *(People v Selikoff,* 35 NY2d 227, 240.)

I further recognize that it seems to be a widely held belief of prosecutors in this country that effective prosecution requires extending leniency to malefactors for information.

I therefore agree that the defendant is entitled to a reduction of sentence. What should the reduced sentence be? The defendant requests that the sentence be one of probation and not involve a term of imprisonment.

In determining whether to impose a sentence of probation or one of imprisonment, the court must have "regard to the nature and circumstances of the crime and to the history, character and condition of the defendant". (Penal Law, § 65.00, subd 1, par [a]; see, also, § 70.00, subd 4.)

The crime committed by the defendant involved a calculated series of thefts and forgeries on a large scale and the betrayal of trust by a prominent lawyer. On the other hand, the crime did not involve any violence. And while it is just as much a crime to steal from the rich as from the poor, it remains true that defendant's crime seems not to have subjected anyone to severe privation, or perhaps any privation.

As to the history, character and condition of the defendant, he was, as I have said, a prominent lawyer with of course no previous criminal involvement. It is clear that even without a prison sentence, this defendant, having much more than the usual defendant in our courts, had much more to lose by the judgment of conviction, and has therefore lost much more. Thus after 25 years in the only profession he knows, a profession in which he has achieved both prominence and wealth, he is expelled from that profession as unworthy. Further, he has made very substantial restitution; in settlement of the civil claims against him he has paid $500,000 in cash and has given up pension rights estimated to be worth

well over $1,000,000. The defendant has been and will clearly be punished whether or not a prison sentence is imposed.

It is also plain that imprisonment is not necessary for the protection of the public. (See Penal Law, § 65.00, subd 1, par [a]), cl [i].)

But before imposing a sentence of probation without imprisonment, the court must determine that "such disposition is not inconsistent with the ends of justice." (Penal Law, § 65.00, subd 1, par [a], cl [iii].)

In considering the ends of justice, we need not concern ourselves in this case with the need for deterrence, either for the defendant or other lawyers. Plainly the punishment that the defendant will suffer whether or not he is imprisoned will be as effective, or ineffective, a deterrent as imprisonment.

The provisions of our statute as to criteria for a sentence of probation (Penal Law, § 65.00, subd 1) are essentially taken from section 7.01 of the Model Penal Code. In that code, instead of the provision I have quoted that "such dispositon is not inconsistent with the ends of justice", the Model Penal Code imposes as a consideration for imprisonment that "a lesser sentence will depreciate the seriousness of the defendant's crime." (Model Penal Code, § 7.01, subd [1], par [c].) The same consideration is stated in the American Bar Association's Standards Relating to Sentencing Alternatives and Procedures, Approved Draft (Sept., 1968, p 63) that: "One instance [where a prison term is indicated] would occur where the seriousness of the offense is inconsistent with a sanction other than imprisonment."

Included in the "ends of justice" is also the consideration that the sentence imposed upon the defendant shall not be grossly disproportionate one way or the other to the sentences imposed on other defendants for crimes of comparable seriousness.

I think that not to impose a prison sentence in this case would "depreciate the seriousness of the defendant's crime" and be disproportionately lenient. I therefore think a sentence of imprisonment should be imposed.

However, in view of the punishment that the defendant suffers quite apart from the imprisonment (i.e., disbarment and disgrace as well as very substantial restitution), and the implicit promise at the time of plea, the sentence should be a relatively short one; and indeed a relatively short prison

sentence in this case would serve all penological purposes as well as a long one. This appears to me to be a proper case for the application of subdivision 4 of section 70.00 of the Penal Law, which provides with respect to, among other things, class D felonies (which is what this defendant pleaded guilty to) that: "When * * * the court, having regard to the nature and circumstances of the crime and to the history and character of the defendant, is of the opinion that a sentence of imprisonment is necessary but that it would be unduly harsh to impose an indeterminate sentence, the court may impose a definite sentence of imprisonment and fix a term of one year or less."

I would reduce the sentence to a definite sentence of imprisonment for a term of six months.

EVANS, LANE and MARKEWICH, JJ., concur in *Per Curiam* opinion; SILVERMAN, J. P., dissents in an opinion.

Judgment, Supreme Court, New York County, rendered on June 29, 1977, modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of five years' probation, remanding the matter to another Judge to fix the conditions of probation, and otherwise the judgment is affirmed.