OPINION OF THE COURT
Leon B. Polsky, J.
The defendant has been sentenced by me upon his conviction after trial of offenses relating to the filing of false applications with the State Liquor Authority and grand larceny relating to his obtaining funds from an undercover officer acting as an ostensible client.
In connection with sentence, the Distict Attorney offers to submit two in camera, but not necessarily ex parte, affirmations setting forth areas where it is believed the defendant has information which would be of assistance to law enforcement officials. One area relates indirectly to two counts of the indictment upon which the jury disagreed and which remain open charges. The other areas do not relate to the resolved or pending charges.
The People’s basic position is that I should consider the defendant’s failure to co-operate with law enforcement officials investigating other related and unrelated criminal activity as *1000 a factor to be taken into account when imposing sentence. The Probation Department, based upon general information furnished it by the prosecutor, takes a similar position and recommends the defendant "be placed on extended deferred sentence with the understanding that should he fail to cooperate with the District Attorney’s efforts, he would be committed to State Prison.”
I cannot agree with the prosecution’s position or its parroting by the Probation Department.
Leaving aside a possible Fifth Amendment problem insofar as it relates to the still open counts (see, United States v Garcia, 544 F2d 681), I am unwilling to adopt a view which regardless of how delicately phrased punishes an individual for his failure to become an informer. Apart from considerations of risk to a defendant or the correctness of law enforcement’s evaluation of the defendant’s knowledge or ability to be helpful, the principle involved is inconsistent with any generally accepted criteria for sentence.
This case involves the same principle as discussed in United States v Ramos (572 F2d 360). There Ramos had pleaded guilty to unlawful possession of heroin, but refused to "cooperate” (i.e., testify) against the principal for whom he was delivering the drugs. While there is some disagreement between Judge Moore, who rendered the court’s opinion, and former Chief Judge Lombard, who rendered a concurring opinion as to whether the sentencing minutes established the sentencing Judge’s reliance upon the failure to co-operate, both Judges condemn such reliance in no uncertain terms.
As Judge Lumbard points out, if the government wanted the testimony it could grant the defendant immunity, compelled his testimony, and upon the defendant’s continued refusal to co-operate he would then have been subject to possible punishment for contempt. Reliance at sentence upon the refusal to co-operate would be an impermissible shortcut in this procedure and would constitute an abuse of power.
This does not mean that actual co-operation or attempted co-operation are not factors which may be affirmatively considered in amelioration of sentence or as part of a sentence bargain. Such consideration in mitigation is clearly proper (see People v Dolkart, 60 AD2d 238; Penal Law, § 65.00, subd 1, par [b]; United States v Sweig, 454 F2d 181). It is one thing, however, to ameliorate a sentence for co-operation; it is quite another to enhance sentence for its lack.
*1001 The affirmations which the People seek to submit would be relevant to the sentencing proceeding only if their content could lawfully be considered by this court. Permission to file the in camera affirmations is refused.