■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BOARD, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered October 12, 1982, upon a verdict convicting defendant of eight counts of the crime of criminal possession of a forged instrument in the second degree, eight counts of the crime of grand larceny in the third degree and eight counts of the crime of falsifying business records in the first degree. From June, 1980 to February, 1982, defendant was employed as a project supervisor by the New York State Association for Retarded Children in Albany to oversee a contract for cleaning services. On June 22, 1982, he was charged in a 24-count indictment with various crimes, including grand larceny, criminal possession of a forged instrument and falsifying business records, as an outgrowth of his employment. After trial, he was found guilty as charged. He was sentenced to an indeterminate term of imprisonment of 2⅓ to 7 years on the first count of the indictment and the same sentence on the second count to run consecutively. On the remaining counts, he received additional sentences, the maximum of which was 2⅓ to 7 years to run concurrently with defendant's sentences on the first and second counts of the indictment. The sentences were the maximum allowable for each of the 24 counts (see Penal Law, § 70.00). This appeal ensued and defendant raises several issues urging reversal. We have considered all of the issues raised by defendant urging reversal, including lack of effective assistance of counsel and excessive interference by the Trial Judge, and are of the view that they lack merit and require no further comment by us. Defendant, however, also contends that the sentences were harsh and excessive and in any event should all have run concurrently. Concededly, the court had the authority to impose consecutive sentences (*People v Bink*, 93 AD2d 920). While this court will not normally disturb a sentence imposed by a trial court in the exercise of its sound discretion unless there is an abuse of discretion, we do have the power to reduce a sentence in an appropriate case (*People v Potskowski*, 298 NY 299, 303). The record reveals that defendant was 22 years of age, active in the community and had good work habits. He also served in the Navy, was honorably discharged and has a relatively unblemished criminal record. At oral argument, it was revealed that defendant has now been incarcerated for a little over one year. Considering defendant's age and background, we are of the view that, in the interest of justice, the sentences should be reduced to the time already served. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentences of imprisonment to the time already served by defendant, and, as so modified, affirmed. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.