(March 19, 1998)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARION JANE HEARN, Also Known as JANE HEARN, Appellant. [669 NYS2d 984] —Mercure, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered

July 22, 1997, convicting defendant upon her plea of guilty of the crime of manslaughter in the second degree.

Defendant was arrested following the April 8, 1997 shooting death of her husband and charged with murder in the second degree. Thereafter, the matter was presented to a Grand Jury, which returned an indictment charging defendant with a single count of manslaughter in the second degree. The indictment alleged—and defendant admitted—that she had intentionally aided her ailing husband to commit suicide by shooting him at his request. After entering a plea of guilty to the charge, defendant was sentenced to a prison term of 1½ to 4½ years, a sentence she now contends was harsh and excessive.

Although we are not unsympathetic to the tragic circumstances of this case and agree that reasonable minds could differ as to the appropriate sentence to be imposed, we believe that there should be an affirmance. To be sure, "[a]n intermediate appellate court has broad, plenary power to modify a sentence that is unduly harsh or severe under the circumstances, even though the sentence may be within the permissible statutory range" and such "sentence-review power may be exercised, if the interest of justice warrants, without deference to the sentencing court" (*People v Delgado*, 80 NY2d 780, 783; *see*, CPL 470.15 [6] [b]). We have exercised this power on occasion when the interest of justice dictated (*see, e.g., People v Fioravantes*, 229 AD2d 784, *lv denied* 89 NY2d 922; *People v Tortorice*, 142 AD2d 916; *People v Suhalla*, 97 AD2d 857; *People v Board*, 97 AD2d 610). Nonetheless, employing the oft-stated test of whether there was an abuse of discretion or extraordinary circumstances (*see, e.g., People v Mackey*, 136 AD2d 780, *lv denied* 71 NY2d 899) such as to render the sentence unduly harsh or severe (*see*, CPL 470.15 [6] [b]; *People v Delgado*, *supra*), in the overwhelming majority of cases this Court has refused to intercede.

We recognize that, in this case, many factors militate in favor of lenient sentencing: defendant had no criminal history, she openly admitted her guilt and was cooperative both in the investigation and prosecution of the crime, she appears to be truly remorseful and, as noted by the investigators, the Probation Department and County Court alike, she posed no threat to society. However, nearly all of the circumstances that defendant claims are "extraordinary", warranting a reduction of the sentence, were considered by the Grand Jury in charging manslaughter in the second degree rather than murder in the second degree. Those factors do not excuse defendant's criminal act or negate the seriousness of the crime for which she

stands convicted. Nor do they, in our view, warrant a reduction in the sentence which, we note, was substantially less than the statutorily authorized maximum (*see*, Penal Law § 70.00 [2] [c]).

Cardona, P. J., and White, J., concur.

Peters, J. (dissenting). While our intrusion upon the discretionary area of sentencing is, and should be, rare (*see*, *People v Delgado*, 80 NY2d 780; *People v Fioravantes*, 229 AD2d 784, *lv denied* 89 NY2d 922; *People v Cruickshank*, 105 AD2d 325, *affd* 67 NY2d 625; *People v Board*, 97 AD2d 610; *People v Golden*, 41 AD2d 242), this case involves a terminally ill, chronically pained spouse who repeatedly stated his desire not to continue living in this manner and who urged his family members to assist him in ending his life when he deemed necessary.

Mindful of the probation officer's recommendation of incarceration in the Saratoga County Correctional Facility and the People's request for six months' imprisonment, we find that defendant's unyielding dedication to her spouse and her family, coupled with her law-abiding life, warrants our reduction of her sentence to one year to insure her placement in a local facility. While County Court cannot be found to have abused its discretion, we believe that traditional notions of sentencing would not be undermined by such reduction and that the interest of justice would be best served.

Carpinello, J., concurs. Ordered that the judgment is affirmed.