■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN G. JOURNEY, Appellant. [690 NYS2d 144] —Appeal from a

judgment of the County Court of Broome County (Smith, J.), rendered March 26, 1997, upon a verdict convicting defendant of the crimes of rape in the second degree, sodomy in the second degree and endangering the welfare of a child.

Following a jury trial, defendant was convicted of one count each of rape in the second degree, sodomy in the second degree and endangering the welfare of a child, all charges stemming from his molestation of a child under the age of 14. Defendant was sentenced to two terms of 2⅓ to 7 years in prison on the rape and sodomy convictions, to be served consecutively. He was also sentenced to a one-year jail term for the endangering the welfare of a child conviction. Defendant's sole argument on appeal is that his sentence was harsh and excessive, a contention we cannot endorse. Notably, where a sentence is within permissible statutory ranges, it shall not be disturbed unless the sentencing court abused its discretion or extraordinary circumstances exist warranting a modification (see, People v Fish, 235 AD2d 578, 581, lv denied 89 NY2d 1092; People v Parson, 209 AD2d 882, 884, lv denied 84 NY2d 1014). Although defendant received the harshest sentence permitted, the sentence was within the statutory parameters. Moreover, considering defendant's history and the detestable nature of the crimes committed against a young child placed in his care, we find no abuse of the sentencing court's discretion and no extraordinary circumstances warranting a modification in the interest of justice (see, People v Brown, 251 AD2d 694, 696, lv denied 92 NY2d 1029; People v Motter, 235 AD2d 582, 589, lv denied 89 NY2d 1038).

Cardona, P. J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the judgment is affirmed.