■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL W. THORNTON, Appellant. [693 NYS2d 772] —Peters, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered March 12, 1997, upon a verdict convicting defendant of two counts of the crime of rape in the second degree.

Defendant, 49 years old, was charged in a seven-count indictment with rape and sodomy stemming from his contact with a 13-year-old female family member. After trial, defendant was acquitted of all charges except for two counts of rape in the second degree, and sentenced to consecutive terms of imprisonment of 2⅓ to 7 years for each count.

Assessing defendant's challenge to the legal sufficiency of the evidence and his contention that the verdict was against the weight of the evidence, we review the prosecution's proffer of, *inter alia*, the victim's testimony and that of the nurse practitioner who performed the gynecological examination on the child and testified that her examination revealed a likelihood of multiple episodes of intercourse occurring over a period of time. Viewing this evidence in a light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we conclude that it was legally sufficient to establish the requisite quantum of guilt. In further considering whether the verdict was against the weight of the evidence, we are required to view the evidence in a neutral light and make our own independent determination regarding the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony (*see, People v Bleakley*, 69 NY2d 490, 495; *People v Carthrens*, 171 AD2d 387, 392). Within these parameters, we recognize that while defendant did not testify at the *Huntley* hearing, he did testify at trial that his confession had been involuntarily acquired and that he never had any sexual contact with the victim. As the jury was free to selectively credit and reject any part of the

testimony presented (*see, People v Rose*, 215 AD2d 875, 876, *lv denied* 86 NY2d 801), we cannot conclude, giving due weight to its credibility determinations, that it failed to give the evidence the weight it should be accorded (*see, People v Wright*, 214 AD2d 759, 761, *lv denied* 86 NY2d 805).

Similarly unavailing is defendant's challenge to his signed confession which was propounded after being apprized of and having waived his *Miranda* rights. As there was no evidence presented at the *Huntley* hearing indicating that physical force was threatened, promises of leniency were made or that there existed any other improper inducements, we agree with County Court that defendant's confession was voluntary (*see, People v Tarsia*, 50 NY2d 1, 11-12).

Having considered all remaining contentions and finding them to be either unpreserved for appellate review or without merit (*see, People v Saunders*, 64 NY2d 665; *People v Thomas*, 50 NY2d 467; *People v Turaine*, 227 AD2d 299, *lv denied after remand* 88 NY2d 1025), we decline to disturb the judgment of conviction.

Mercure, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.