■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE N. HOOD, Appellant. [719 NYS2d 327] —Peters, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered October 16, 1998, upon a verdict convicting defendant of the crimes of assault in the first degree and sexual abuse in the first degree.

Defendant resided in the Village of Castleton, Rensselaer County, with his girlfriend and her 19-month-old daughter (hereinafter the child). When the girlfriend was admitted to the hospital on July 22, 1997, defendant picked up the child from the babysitter at approximately 7:00 P.M. and proceeded to a friend's house where he consumed alcohol until approximately 1:00 A.M. before returning with the child to their home.

In the early morning hours of the following day, defendant brought the child to the hospital claiming that she had fallen down the stairs. An examination revealed that she had suffered a broken femur and bruises were clearly evident on her ear, chin and shoulder. When medical personnel were changing the child's diaper, they discovered that it was covered with dried blood and that her genital area was swollen and bloodied. Further examination revealed severe trauma to her vaginal

area consistent with a sexual assault. Child protective services was contacted and, following an investigation, defendant was indicted for assault in the first degree and sexual abuse in the first degree. After a jury trial, defendant was convicted of both counts and sentenced to concurrent prison terms aggregating 12½ to 25 years. Defendant appeals.

We find no merit to defendant's contentions that the trial evidence was legally insufficient to establish his guilt and that the verdict was against the weight of the evidence. Affording great deference to the jury's determinations regarding the credibility of the witnesses and the weight to be accorded to the evidence presented (*see, People v Smith*, 272 AD2d 713, 716, *lv denied* 95 NY2d 871), we find, after examining the evidence in a light most favorable to the People (*see, People v Harper*, 75 NY2d 313, 316), that it was legally sufficient to establish defendant's guilt.

It is undisputed that the child was not injured when she left both the babysitter and the home of defendant's friend. Thereafter, defendant was her sole custodian until she was admitted to the hospital. The testimony of nurses and physicians who treated her established that her labia, as well as her vagina, were bruised, bloodied and swollen. They further observed blood clotted within the vaginal vault and a laceration of the hymenal membrane. Regarding the broken femur, it was demonstrated that the child suffered an oblique or angular fracture, requiring an extreme amount of force to cause such injury; the People's medical expert opined that these injuries could not have been caused by the fall alleged by defendant. On cross-examination, such expert further explained that the child's vaginal injuries were caused by a penetrating foreign object. In our view, this evidence was legally sufficient to establish every element of the crimes charged (*see, People v Thornton*, 263 AD2d 782, *lv denied* 93 NY2d 1046). Further viewing this evidence in a neutral light, independently determining the probative strength of conflicting testimony and inferences to be drawn therefrom, we find that the verdict was not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495; *People v Thornton, supra*, at 783) since defendant's version of the injuries was substantially negated by the aforementioned medical evidence (*see, People v Williams*, 84 NY2d 925, 927).

We next address defendant's assertion that he was deprived of the effective assistance of counsel when, *inter alia*, counsel acknowledged in summation that the child had been sexually assaulted. Notably, the record does not indicate that counsel

conceded that defendant committed the sexual assault. Given the overwhelming evidence that such assault occurred, it cannot be said that the strategy of inferring that someone else perpetrated the crime was erroneous (*see generally*, *People v Benn*, 68 NY2d 941, 942; *People v Butler*, 273 AD2d 613, 615). Moreover, any harm flowing from this trial tactic was negated when the jury received express instruction from County Court that it was required to resolve the issue of whether defendant committed the assault. In viewing the record in its totality, we find that defendant received meaningful representation by counsel's proffer of motions and objections as well as his effective cross-examination of the witnesses (*see*, *People v Baldi*, 54 NY2d 137; *People v Maxwell*, 260 AD2d 653, *lv denied* 93 NY2d 1004).

Turning to defendant's perceived evidentiary errors regarding the admissibility of certain photographs and X rays, we find no reason to disturb the determinations rendered since the admissibility of such items fell squarely within the discretion of the trial court (*see*, *People v Wood*, 79 NY2d 958, 960-961; *People v Mastropietro*, 232 AD2d 725, 726, *lv denied* 89 NY2d 1038). Nor did County Court abuse its discretion when it permitted the People's expert witness to render an opinion in hypothetical form since the question directly mirrored defendant's account of the incident as told to the police (*see*, CPLR 4515; *People v Cruz*, 233 AD2d 102, *affd* 90 NY2d 961).

Having failed to preserve challenges to the jury charge (*see*, *People v Southwick*, 232 AD2d 755, 756-757, *lv denied* 89 NY2d 930), we reject defendant's remaining claim pertaining to his sentence. Falling within statutory limits and considering the gravity of the crimes for which defendant stands convicted, we find it neither harsh nor excessive. With no countervailing circumstances warranting a reduction thereof (*see*, *People v Smith*, 272 AD2d 713, 716, *supra*; *People v Journey*, 260 AD2d 863, 864; *People v Fish*, 235 AD2d 578, 581, *lv denied* 89 NY2d 1092), we affirm.

Cardona, P. J., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.