*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 28, 2016                    105180
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                         Respondent,

        v                                    MEMORANDUM AND ORDER

AARON M. MARTINEZ,
                         Appellant.
_____


Calendar Date:  June 6, 2016

Before:  Lahtinen, J.P., McCarthy, Rose, Clark and Mulvey, JJ.

_____


        Ruchelman & Cruikshank, PC, Plattsburgh (Allan B.
Cruikshank Jr. of counsel), for appellant.

        Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A.
Douthat of counsel), for respondent.

_____


        Appeal from a judgment of the County Court of Clinton
County (McGill, J.), rendered November 7, 2011, convicting
defendant upon his plea of guilty of the crimes of sexual abuse
in the first degree (three counts), predatory sexual assault
against a child (two counts) and endangering the welfare of a
child.

        After a woman discovered pornographic images of children on
her computer that defendant had inadvertently downloaded, an
investigation ensued and defendant was charged in a 27-count
indictment with various crimes relating to his sexual abuse of a
three-year-old child on May 21, 2010.  That indictment included
21 counts stemming from defendant's actions in videotaping and
photographing a sexual performance by the child on that date.
Defendant later entered a guilty plea to a federal charge of

producing child pornography (see 18 USC § 2251 [a]) stemming from the same conduct in videotaping and photographing the child, and he was sentenced to a 30-year federal prison term with lifetime supervision. With regard to the subject indictment, defendant pleaded guilty to six counts related to his direct sexual abuse of the child. Specifically, defendant admitted that, on the day charged, he committed sexual abuse in the first degree (three counts) by subjecting the child to sexual contact by placing her hand on his erect penis and grabbing her vagina, and, six hours later, by again placing her hand on his erect penis. Defendant also admitted that, on the same day, he committed two acts of predatory sexual assault against a child at different times, approximately 5½ hours apart, by subjecting her to oral sexual conduct. No sentencing promises were made. On the People's motion, County Court dismissed the remaining 21 counts of the subject indictment, finding that the guilty pleas covered defendant's underlying conduct in videotaping and photographing the child. The court thereafter sentenced defendant to an aggregate prison term of 50 years to life with 15 years of postrelease supervision (hereinafter PRS), to be served concurrently with his federal sentence.[1] Defendant appeals.

Defendant argues on appeal that the aggregate sentence is harsh and excessive and disproportionate to the offenses in view of his age (25), substance abuse history, lack of a criminal record and acceptance of responsibility. A review of the sentencing minutes discloses that County Court fully considered all of these factors, as well as the "horrific" and exploitive nature of defendant's predatory conduct against a nonverbal, special needs child. While the crimes occurred within approximately six hours of one another, they were grievous and involved the creation of child pornography. Moreover, the discovery in defendant's possession of substantial quantities of

---

[1] While County Court pronounced at sentencing that it was imposing consecutive 30-year to life sentences for each of the predatory sexual assault convictions, with all other sentences to run concurrently, the sentence was corrected in the uniform sentence and commitment form to reflect consecutive 25-year to life sentences, as the parties recognize.

graphic images of prepubescent girls subjected to sexual performance, including bestiality, supports the lengthy prison sentences, which will serve to protect helpless young children from sexual exploitation.  We find neither an abuse of discretion nor extraordinary circumstances warranting a reduction of the aggregate sentence in the interest of justice (see People v Brown, 128 AD3d 1183, 1189 [2015], lv denied 27 NY3d 993 [2016]; People v Jabaut, 111 AD3d 1140, 1147-1148 [2013], lv denied 22 NY3d 1139 [2014]).

However, as the People concede, County Court incorrectly imposed prison sentences of 10 years, with 15 years of PRS, for each count of sexual abuse in the first degree.  The permissible sentence for this class D violent felony sex offense is a determinate term between two and seven years (see Penal Law §§ 70.00 [6]; 70.02 [1] [c]; [3] [c]; 70.80 [1] [a], [b]; [4] [a] [iii]), with a term of PRS between 3 and 10 years (see Penal Law §§ 70.00 [6]; 70.45 [2-a] [d]; 70.80 [3], [9]).  Notwithstanding that the sexual abuse sentences were concurrent with and effectively subsumed in the aggregate 50-year to life sentence imposed for the predatory sexual assaults, we correct the sentences for sexual abuse in the first degree, by reducing each to seven years with 10 years of PRS.

Lahtinen, J.P., McCarthy, Rose, Clark and Mulvey, JJ., concur.

ORDERED that the judgment is modified, on the law, by reducing defendant's sentences for sexual abuse in the first degree under counts 1, 5 and 19 to seven years in prison with 10 years of postrelease supervision, and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court