■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN M. CONNELLY, Appellant. [54 NYS3d 601]—

Appeal from a judgment of the County Court of Broome County (Cawley, J.), rendered December 24, 2014, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant waived indictment and pleaded guilty to attempted criminal sexual abuse in the first degree stemming from an incident in which he subjected a social services caseworker to sexual contact by forcible compulsion during a meeting at defendant's residence. He was sentenced to 10 years of probation and ordered to abide by written conditions. Thereafter, he was charged with violating his probation for refusing to sign a release of his records following a hospitalization as required by condition 12 of his probation. Defendant admitted the violation in exchange for a promise to adjourn sentencing, release him on probation for two to three months and, if he complied with the probation conditions, restore his probationary sentence. Defendant was warned that if he violated the conditions again, a prison sentence could be imposed. A month later, he was again charged with violating probation by failing to appear for a probation appointment. The parties then reached an agreement to resolve the admitted and pending probation violations, as well as other pending criminal charges, with a two-year prison term to be followed by 10 years of post-

release supervision. The court thereafter revoked probation and imposed the agreed-upon resentence. Defendant now appeals.

We affirm. Defendant's sole contention on appeal is that the agreed-upon sentence is harsh and excessive given his medical history, limited criminal history and the nature of his admitted violation of probation. We are not persuaded, given that the sentence, which was less than the maximum permissible (*see* Penal Law § 70.80 [4] [a] [iv]), satisfied other pending charges and was warranted due to defendant's inability to comply with the terms of probation (*see People v Decoste*, 144 AD3d 1265, 1266 [2016]; *People v Guyett*, 137 AD3d 1329, 1330 [2016]; *People v Beach*, 126 AD3d 1236, 1236 [2015]). To the extent that defendant relies upon the court's failure to hold a hearing on the second violation petition, any challenge thereto is unpreserved given his failure to request a hearing and his acceptance of the agreement on the admitted first violation that also resolved the second petition (*see* CPL 470.05 [2]; *People v Lopez*, 35 AD3d 763, 763 [2006], *lv denied* 8 NY3d 924 [2007]). Under these circumstances, "we do not find the existence of extraordinary circumstances or any abuse of discretion warranting a reduction of the resentence in the interest of justice" (*People v Smurphat*, 91 AD3d 980, 981 [2012], *lv denied* 18 NY3d 962 [2012]).

Lynch, J.P., Devine, Clark, Mulvey and Aarons, JJ., concur. Ordered that the judgment is affirmed.