Aarons, J. (dissenting). I respectfully dissent. Because I perceive no abuse of discretion or extraordinary circumstances warranting the reduction of the prison term of eight years, followed by five years of postrelease supervision, imposed for the conviction for criminal possession of a controlled substance in the second degree, I would affirm the judgment. The imposition of a sentence is a matter that rests in the sound discretion of the trial court (see People v Perkins, 5 AD3d 801, 804 [2004], lv denied 3 NY3d 741 [2004]; People v Farrell, 246 AD2d 748, 749 [1998]; People v Fuller, 185 AD2d 446, 449 [1992], lv denied 80 NY2d 974 [1992]). The exercise of such discretion requires the consideration of, among other things, “the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction, i.e., societal protection, rehabilitation and deterrence” (People v Farrar, 52 NY2d 302, 305 [1981]; see People v Lanfair, 18 AD3d 1032, 1034 [2005], lv denied 5 NY3d 790 [2005]). While we may modify a sentence as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]), “where a sentence is within permissible statutory ranges, it shall not be disturbed unless the sentencing court abused its discretion or extraordinary circumstances exist warranting a modification” (People v Journey, 260 AD2d 863, 864 [1999]; see People v Cole, 150 AD3d 1476, 1482 [2017]). This is not to say that we should rubber stamp imposed sentences. Although rare, the interest of justice demands at certain times that we exercise our discretion by modifying an imposed sentence (see e.g. People v Thomas, 112 AD3d 999, 1001 [2013], lv denied 22 NY3d 1141 [2014]; People v Garner, 56 AD3d 951, 952-953 [2008], lv denied 12 NY3d 783 [2009]; People v Williams, 114 AD2d 683, 685 [1985]; see generally People v Delgado, 80 NY2d 780, 783 [1992]). This case, however, is not one of those times. During sentencing, County Court gave due consideration to various factors when crafting its sentence. County Court noted defendant’s service in the armed forces, his head injury, his lack of criminal history and his opiate addiction resulting from prescriptions. The record reveals mitigating circumstances, such as defendant’s expressed remorse for his actions, his acceptance of responsibility for the crime and his concern for the care of his wife and seven-year-old child. Although these factors certainly militate in favor of a reduced sentence (see People v Board, 97 AD2d 610, 610 [1983]), County Court stated that there was “one thing that [was] present that overrides much of the good things, simply the nature of the offense.” In other words, this was a serious crime. County Court stated that defendant’s case was different than most drug addiction cases it had seen in that “[t]his [was not] a forgery case, this [was not] a pure theft case, this [was not] a burglary case when [defendant] went into some house.” Rather, defendant walked into a pharmacy wearing clothing to conceal his identity and demanded from a pharmacist all of the oxycodone and oxycontin pills that were in the pharmacy. While defendant did not have a knife, he nonetheless represented on a note to the pharmacist that he possessed one. Defendant left with over a thousand pills worth $5,253. County Court further noted that, notwithstanding his remorse, defendant did not turn himself in to law enforcement officials and “would still be out there” but for “good police work.” Indeed, two years had passed since the commission of the crime before defendant’s ex-wife provided a tip to the police suspecting defendant’s involvement. Defendant’s circumstances are unfortunate. In my view, however, inasmuch as we have consistently encountered instances in which a defendant seeking a reduced sentence has a minimal or lacks a criminal history, is a caretaker of a child, or suffers from substance abuse, they are not extraordinary (see People v Connelly, 151 AD3d 1480, 1481 [2017], lv denied 30 NY3d 948 [Sept. 27, 2017]; People v Collier, 146 AD3d 1146, 1152 [2017], lv denied 30 NY3d 948 [Sept. 4, 2017]; People v Ruise, 131 AD3d 1328, 1328 [2015]; People v Olsen, 124 AD3d 1084, 1087 [2015], lv denied 26 NY3d 933 [2015]; People v Farnsworth, 103 AD3d 982, 984 [2013]; People v Bozydaj, 14 AD3d 791, 792 [2005], lv denied 4 NY3d 884 [2005]). County Court took into consideration defendant’s statement at sentencing and the information contained in his presentence report and balanced the facts that favored him with the facts that weighed against him.* In imposing the sentence, County Court concluded that it was “a fair sentence for [defendant], fair to [the] community, fair to the People.” Based on the foregoing, I cannot say that County Court abused its discretion or that the record presents extraordinary circumstances warranting the reduction of the sentence or a vacatur of the $5,000 fine as directed by the majority (see People v Martinez, 141 AD3d 1007, 1008 [2016], lv denied 28 NY3d 1147 [2017]; People v Leduc, 140 AD3d 1305, 1307-1308 [2016], lv denied 28 NY3d 932 [2016]; People v Reynoso, 11 AD3d 719, 720 [2004]; People v Hearn, 248 AD2d 889, 890-891 [1998]). Accordingly, I would affirm. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed for criminal possession of a controlled substance in the second degree to three years, with five years of postrelease supervision, and by vacating the $5,000 fine, and, as so modified, affirmed. I note that the People requested that County Court sentence defendant to a prison term of 10 years for the conviction of criminal possession of a controlled substance in the second degree.